## M. & C. Parkhurst *vs.* Henry S. McGraw.

Facts which the pleadings admit cannot be contradicted or varied by evidence, which is only intended to establish contested facts. *Held*, that the bill admits the conveyance of the land in controversy, and the execution of the mortgage and deed.

He who alleges fraud must prove it; and it is equally a rule of law and equity, that fraud is not to be presumed, but it must be established by proof.

Positive and express proof is not required of fraud, but circumstances affording strong presumption will be sufficient.

It is a well settled rule, that the attorney of a party cannot be compelled to discover papers delivered or communications made to him, or letters or entries made by him in that capacity; but is bound to withhold them. *Held*, that this principle extends to every communication made by a client to his attorney, when consulted upon the subject of his rights and liabilities.

A fraudulent mortgage, duly executed and delivered, is binding between the parties themselves.

The deposition of witness (B.) in this case ought to be excluded, on the ground that it violates professional confidence reposed by a client in his attorney.

The proof fails to satisfy the rule of equity to establish fraud.

On appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

The facts of the case are sufficiently set forth in the opinion of the court.

*L. Sanders, Jr.,* for plaintiffs in error, cited and commented on Branch's Max. 57; Holco. Introd. 63; *Merrick* v. *Henderson,* Walk. R. 485; *Hatch* v. *Hatch,* 9 Mass. 307; *Hedge* v. *Drew,* 12 Pick. 141; *Church* v. *Gilman,* 15 Wend. 656; Peake's Evid. 162; 3 Ib., notes, 191.

*Potter,* for defendant in error, in reply, cited and commented

Parkhurst *v.* McGraw.

on *Clark* v. *Van Remsdyk*, 9 Cranch, 153; *Lawrence* v. *Lawrence*, 4 Bibb, 357; *Mitchell* v. *Maupin*, 3 Mon. 187; *Combs* v. *Boswell*, 1 Dana, 474; *Young* v. *Hopkins*, 6 Mon. 32; *County* v. *Geiger*, 1 Call, 190, 192; 2 Phil. Evid. 310; 2 Stark. Evid. 688; *Peltz* v. *Armitage*, 12 Vez. 80; *Hildreth* v. *Sands*, 2 Johns. Ch. R. 43; *Codwise* v. *Sands*, 4 Johns. 586; Ib. 593; Ib. 597; *Peacock* v. *Monk*, 1 Ves. Jr. 128; *Watt* v. *Grove*, 2 Schr. & Lef. 502; *Harney* v. *Pack & Clifton*, 4 S. & M. 256; *Gilbert* v. *North Am. Ins. Co.* 23 Wend. 43; *Maynard* v. *Maynard*, 10 Mass. 456; *Harrison* v. *Phillips Academy*, 12 Ib. 456; *Jackson* v. *Phipps*, 12 Johns. 448; *Carr* v. *Hokie*, 5 Mason, 60; *Powers* v. *Russell*, 13 Pick. 69; *Elsey* v. *Metcalf*, 1 Denio, 328; *Hedge* v. *Drew*, 12 Pick. 141; 2 Stark. Evid. 182; 1 Phillips' Evid. 292; 4 Wend. 229; *Eade* v. *Lingwood*, 1 Atk. 203; *Barrett* v. *Grove*, 3 Ib. 402.

Mr. Justice FISHER delivered the opinion of the court.

The appellee filed his bill in the superior court of chancery against the appellants, to set aside a certain mortgage executed by Cyrus Parkhurst on the 29th of October, 1839, conveying certain real estate to M. Parkhurst to secure him in the payment of the sum of $9,806.80; and also to set aside a certain deed releasing the equity of redemption to the said M. Parkhurst of the said mortgaged premises, executed on the 27th of October, 1840, and to subject said property to the payment of a judgment-recovered by appellee against Cyrus Parkhurst on the 24th of February, 1841, in the circuit court of the United States, at Jackson, for the sum of $4,964.13.

The important allegations in the bill are these: — "That the said Cyrus Parkhurst, on the 24th of January, 1838, was seized and possessed of certain real estate (which is described in the bill); and that complainant is informed, believes, and expressly charges, that the said Cyrus Parkhurst, on or about the 20th day of October, 1839, fraudulently and without any adequate consideration therefor, and for the sole and only purpose of defrauding his creditors, (of whom the complainant is one,) conveyed the said lands, with all the appurtenances thereto, to the said M. Parkhurst, in and by a certain indenture of mort-

gage bearing date the said 29th of October, 1839; that the same has been recorded, &c. And that afterwards, with the sole object and purpose of defrauding his creditors aforesaid, the said Cyrus Parkhurst without any adequate consideration therefor, did release to the said Malvin Parkhurst, all his equity and right of redemption of the said lands, which existed under and by virtue of the said mortgage, by a certain instrument of writing, under his hand and seal, dated on the 27th day of October, 1840."

We have been thus particular in giving the language of the bill, because it is urged that the mortgage was never in fact executed or delivered. It is averred that the land was conveyed on a particular day by the mortgage. This is the complainant's own allegation; and he cannot, under the rules of pleading, deny a material fact which he has alleged, and called on the other party to answer. This position will, however, be noticed at another place.

The answers admit the execution of the mortgage and deed of release, as alleged in the bill; deny all fraud, and state the consideration to be just and true, as to the amount stated in the mortgage.

Our first inquiry must be to ascertain what facts are put in issue by the pleadings; facts which the pleadings admit cannot be contradicted or varied by the evidence, which is only introduced to establish contested facts.

The bill alleges a conveyance of the land at a certain time and by a certain instrument. The answers admit this allegation. The bill in this respect must, therefore, be taken as true, to wit, that the estate was in fact conveyed at the time alleged. It is, therefore, unnecessary to notice the proof on this subject, as it can only establish the truth of the allegation admitted by the answers. No controversy can, therefore, arise as to the execution of the two deeds; and our examination must be confined to the questions of fraud and consideration.

The fraud is denied, and the consideration is fully stated in the answers. The rule of law is familiar to all in this attitude of the case. He who alleges fraud must prove it. Judge Story says that " it is equally a rule of law and equity that

fraud is not to be presumed, but it must be established by proofs." Circumstances of mere suspicion, leading to no certain results, will not be deemed sufficient. But, on the other hand, positive and express proof is not required. Circumstances affording strong presumption will be deemed sufficient. 1 Story, Eq. 199. Have we either positive proof, or circumstances affording strong presumption of the fraud charged? The strongest proof for the complainant is contained in the deposition of Barrett, who acted as the counsel of Cyrus Parkhurst in drafting the deeds sought to be set aside. He also details certain conversations, held at different times, with Cyrus Parkhurst; but it is manifest that he was regarded as the legal adviser of the party consulting him on these several occasions. He states that he made no account against M. Parkhurst, the mortgagee, and in substance states that he was not his counsel. The witness certainly obtained all his information while acting as counsel for Cyrus Parkhurst; and the question, therefore, arises, whether his deposition shall be excluded from our consideration. To arrive at a correct conclusion on this subject, we must first understand the proposition presented by the bill, and sought to be established by the evidence. The bill presents this question: that Cyrus Parkhurst is in truth the owner of the land and premises which appear to have been conveyed to his brother; that the secret object of the said conveyances was to vest in M. Parkhurst the apparent ownership, while he, Cyrus, should enjoy all the rights and privileges of a real owner; and that the property was placed in this situation to enable Cyrus to hold and enjoy it in the name of his brother, against the just claims of creditors. Now it is insisted, that Cyrus, in the various conversations with his attorney, has made admissions and done acts which prove the above propositions, and establish the complainant's right to a decree. Admit the force of the proof, that Cyrus was endeavoring to protect himself; that he owed his brother nothing; that the conveyances were a mere sham transaction to defraud creditors, and consequently, if successful, to benefit himself, — then the complainant, so far from presenting a case entitling him to use the testimony of the attorney, certainly presents a strong

one to induce a court to exclude it; for the more plainly the witness makes the fraud appear, the greater, we must suppose, was the confidence reposed by the client, and his reliance upon the law to protect him against an abuse of the confidence, or the bad faith of the attorney.

The law on this subject is clear and well settled, that " the attorney of the party cannot be compelled to disclose papers delivered or communications made to him, or letters or entries made by him in that capacity." This protection, said Lord Brougham, in the case of *Greenough* v. *Gaskell*, 1 M. & K. 102, 103, is not qualified by any reference to proceedings pending, or in contemplation. " If, touching matters that come within the ordinary scope of professional employment, they receive a communication in their professional capacity, either from a client or on his account, or which amounts to the same thing; if they commit to paper, in the course of their employment on his behalf, matters which they know only through their professional relation to the client, they are not only justified in withholding such matters, but bound to withhold them." " If such communications were not protected, no man would dare to consult a professional adviser, with a view to his defence, or the enforcement of his rights." " And this protection extends to every communication which the client makes to his legal adviser for the purpose of professional advice or aid upon the subject of his rights and liabilities." But the authorities are too numerous and uniform on this point to require further notice. Many of them will be found and reviewed by the court, in the case of *Brown* v. *Payson*, 6 New Hamp. R. 444, and in 1 Greenl. Evid. 285.

If the facts had been presented by the bill, as proved by the witness, the proof as to the times the deeds were executed would have been admissible. But the bill and answers both agree in this respect, to wit, that the deeds were in fact executed, and as to the times of execution. Facts admitted by the pleadings, cannot be varied or contradicted by the proof. Proof is introduced to establish what is alleged by one party, and denied by the other; or in other words, it is intended to establish the facts not admitted by the pleadings.

The complainant can be allowed to do no more than prove the truth of the allegations in his bill. He has said that the mortgage and deed of release were executed. He cannot be permitted, in his proof, to say that they were not executed. The object of the testimony on this part of the case is, to show that the deeds were never delivered. There is no allegation in the bill, under which this evidence could be introduced. Indeed, if the evidence were admitted, so far from proving a case entitling the complainant to relief, it would establish the reverse; for delivery being essential to a complete execution of a deed, the estate would not, where there was no delivery, be conveyed, and the remedy of the complainant would be complete, by proceeding to execute his judgment in the mode pointed out by law. A bill to set aside a fraudulent mortgage, is certainly very different from one to establish the fact, that an instrument which was never executed, was placed upon record merely to give an appearance, that a conveyance had been made, when in truth the instrument was never executed. In the case of a fraudulent mortgage, duly executed, it is binding between the parties, and therefore conveys the estate; but where the deed was not in fact executed, it does not operate to convey the property, and, therefore, the title is still in the debtor, and liable to sale by execution on the judgment. In the first case equity grants the creditor relief against the title of the fraudulent mortgagee; but in the case of no delivery of the deed, there is nothing to grant relief against, unless it be shown by the bill, that the deed having been placed upon record, might deter persons from bidding a fair price for the property at the execution sale. There is no such case presented by the bill, and therefore no authority for admitting the evidence. All the evidence, therefore, which relates to the execution of the instruments, must be excluded, upon well established principles of pleading, which require the complainant to state the case upon which he prays relief, that the court may know from the pleading itself, whether he is entitled to the relief prayed, and that the defendant may know what he is to defend against.

While we are clearly of opinion, that the deposition, so far as it attempts to establish fraud, by the statements of Cyrus Park-

hurst and by his acts in the presence of the witness, ought to be excluded, on the ground that it is in violation of professional confidence, yet we will examine it as free from this objection, and ascertain whether it is sufficient to prove the fraud charged. Fraud is said to be the judgment of law upon facts and intents, and is never to be presumed, but must be directly charged, and if denied must be established according to well defined rules of law and equity. The charge of fraud is denied by the answers. The bill is not sworn to; the answers are. As to proof, then, the case stands upon the old rule in equity, requiring the testimony of two witnesses, or of one witness and corroborating circumstances. The 6th section of the act of 1838, Hutch. Code, 771, applies only to a case where the bill is sworn to.

The witness says, that on the 29th of April, 1840, at the time the mortgage was executed, Cyrus Parkhurst stated that his reason for making the mortgage, was to avoid the judgment which he expected would be recovered against him in the United States court, by putting the property out of his possession. " Cyrus debated for some time, to whom he should make the mortgage." " He spoke of having had a brother named Malvin Parkhurst; that he had not heard from him for a long time; that he did not know that he was then living or dead; said that a good many years back, he, Cyrus, had received a sum of money belonging to Malvin, which he had never accounted for, and to which amount he, Cyrus, was then a debtor to said Malvin, and concluded that he would make the mortgage deed to the said Malvin. He then took a piece of paper, and made some calculations, from which he gave me the amount stated in the said mortgage as the consideration for the same, which was $9,806.60. That Cyrus occupied, possessed, and controlled the property as he had previously done, till about the close of the year 1840; about which time he represented himself as the agent of his brother, still continuing as before to occupy the same."

This is all of the deposition which tends to establish fraud, and the only proof in the record on this subject. The answers are clear, certain, and positive, in denying the fraud, as well as

Parkhurst *v.* McGraw.

stating the consideration for the mortgage; and independent of the denial and statement of the answers, the consideration is established by proof equally as positive as that of the complainant to prove fraud, and less liable to objection. But we deem it wholly unnecessary to notice the defendant's evidence, as it can only be important when it shall become necessary to rebut the testimony offered to sustain the bill. The complainant has introduced but one witness who proves fraud, allowing the deposition to have this force. Admitting that the deposition is clear and certain as to the proof of fraud, it is, nevertheless, only the testimony of one witness, and we must inquire how far he is sustained by corroborating circumstances. So far from the circumstances sustaining him, they all tend to discredit him. He proves that the mortgage was never delivered, and makes the same proofs as to the deed of release. Yet we find, in an action of ejectment by Malvin Parkhurst against the witness, the plaintiff recovered. If the deeds had not been executed, a recovery could not have been had, as it was through these deeds that the plaintiff acquired his title. Again, he appears to have been a willing witness in disclosing matters certainly committed to him in professional confidence; and a lawyer who is thus faithless in one of the first and highest obligations to his client, ought to receive but little credit as a witness, when he voluntarily gives his evidence, without intimating the manner in which he acquired his information. And lastly, a number of witnesses testify as to his general character for truth and veracity, and that they would not believe him under oath. He is, however, sustained by an equal number, who testify as to his credibility. We have thus stated the evidence introduced by the complainant to sustain his bill. The best that can be said for it is, that it amounts to proof of fraud, by one credible witness, who is unsustained by corroborating circumstances. This proof fails to satisfy the rule of equity in such cases, and does not, therefore, entitle the complainant to a decree.

Decree reversed, and bill dismissed.