JOHN A. REED *v.* J. F. HEARD.

[58 South. 706.]

TAX DEEDS. *Description of property. Variance between deed and assessment roll.*

Where there was a patent ambiguity in a tax collector's deed, which could be explained only by reference to the assessment roll aided by a tax receipt and there was no assessment of the property at all, such tax collector's deed was void and conveyed no title.

APPEAL from the circuit court of Tallahatchie county. HON. N. A. TAYLOR, Judge.

Suit by John A. Reed against J. F. Heard. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Broome & Woods,* for appellant.

The plaintiff below, appellant here, introduced the tax collector's deed, which is under section 1983, Mississippi Code 1906, *prima facie* evidence that the assessment and sale of the land was legal and valid. The record shows that counsel for the defendant below gave notice that he would introduce evidence to show the following assessments on land assessment roll 1900, page 104, but the evidence is silent as to the introduction of the roll. As a matter of fact, a fact shown by the record in unmistakable terms that the land assessment roll of 1900 was never produced and offered in evidence, though counsel did announce that "I will introduce." What "I will introduce" and what I actually introduce may be two wholly different things. I may think I will make certain proof, when making a statement of what I will do, but I may be wholly unable to do what I thought I could do, or it may be counsel forgot his promise to introduce; at any rate the roll was never introduced as shown by the record itself. But for the sake of argument we will say that his intention was equivalent to the actual introduction of the roll, and the roll would have shown that this particular land was not assessed on it. Would this overcome the *prima facie* case made out by the appellant when he introduced the tax collector's deed? The statute says, the deed is *prima facie* evidence that the same was properly assessed. It does not say how it shall be assessed in that particular statute, but further on the statute says that lands can be assessed in two ways, as follows, to wit: First, by the tax assessor, which shall be put on his assessment roll, and then under section 4320, Mississippi Code 1906, it provides that where land is left off the assessment roll for any cause, and the same is due to pay tax, the tax collector shall assess the same and collect taxes on it.

Is there a suggestion anywhere in the whole record that the appellee proved, or offered to prove, that the

tax collector had not assessed the land in controversy? And in order for the appellee to overcome the *prima facie* case made out by the tax deed that the land was legally assessed he must not only show that it was not assessed by the tax assessor, but must show that it was not assessed by the collector or any one else authorized to make assessments. Now, has he done this? If he has this record totally fails to disclose it. The burden of proof was on him to establish it; the court had previously decided that the land properly described in the deed, under the proof that the sale was made according to law, and the only question involved is whether or not the appellant showed that the land was assessed by the introduction of his tax deed. We submit that all of the vital questions involved in this case were settled beyond all cavil when the same was in the supreme court on the first appeal. We confidently ask for a reversal of the cause.

*Dinkins, Caldwell & Ward,* for appellee.

The title of the appellant, Reed, depends upon the validity of the tax sale made by tax collector R. J. Thompson, on June 2, 1902, for delinquent taxes for the year 1901.

The tax deed executed by the tax collector, R. J. Thompson, which was offered in evidence at the trial of this case in the court below, by the defendant, is void for uncertainty of description, the description in the deed being: "40 A. in W. ½ of N. W. ¼, Sec. 24, Twp. 25, Range 2 W. 40 Acres." See *Brown* v. *Guice,* 46 Miss. 299; *Yandell* v. *Pugh,* 53 Miss. 295; *Morgan* v. *Schwartz,* 66 Miss. 613; *Bowers* v. *Andrews,* 52 Miss. 596; *Smith* v. *Brothers,* 86 Miss. 241.

Since the description in the tax deed to Reed is defective for uncertainty of description, it would be necessary for him in the trial of the case to resort to parol testimony to aid the description, and in order to do this,

the assessment roll or the deed must furnish the clue which, when followed by the aid of parol testimony conducts certainly to the land intended. Parol testimony is admissible only to apply the description on the assessment roll which must give the start and suggests the course, which being followed will point out the land intended to be assessed. Sec. 4285, Code 1906; Sec. 3775, Code, 1892; *Dodds* v. *Marx,* 63 Miss. 443.

In the record of the case of *Reed* v. *Heard,* 97 Miss. 743 (53 So. Rep. 400), it was agreed that there was a valid assessment of the land in controversy but in the record of this case there is no such agreement and there is no proof of an assessment of the land. But on the contrary there is proof that there was no assessment of the land on the assessment roll of 1900, under which the sale of this land was made on June 2, 1902. See page —— of the record, where the assessment roll was introduced by the defendant showing what lands in section 24, township 25, range 2 west, were assessed, the assessment as shown by the assessment roll being as follows: "To W. B. Buford, the west half of the northwest quarter west of Brake, section 24, township 25, range 2 west; to the Delta & Pine Land Co., southwest quarter and west half of southeast quarter and east half of northwest quarter, section 24, township 25, range 2 west; to J. F. Heard, northeast quarter and east half of southeast quarter, section 24, township 25, range 2 west, which is all the lands assessed in section 24, township 25, range 2 west."

From a careful perusal of the record it will be shown that there was no assessment of the land in controversy at the time the sale was made (the west half of the northwest quarter, east of the brake in section 24, township 25, range 2 west). If there was no valid assessment of the land, then there could have been no valid sale, for a valid assessment as well as a legal levy of taxes is necessary to the validity of a tax sale. "It is necessary

not only to have a proper levy of taxes, but it is essential to have a legal assessment of the lands upon which the levy is to operate. The assessment roll is the warrant of the tax collector for collecting the taxes; if that is void, his action in the sale of land under it is void.'' *Mullens* v. *Shaw*, 77 Miss. 900; *Brothers* v. *Beck,* 75 Miss. 482.

It is argued by counsel for appellant that the introduction of the tax collector's deed in evidence made, under section 1983, Code of Mississippi 1906, a *prima facie* case, and that the introduction of the assessment roll by the defendant in the court below which shows no assessment of the land in controversy did not overcome the presumption that the land was properly assessed, because the statute further on provides that the land may be assessed by the sheriff, relying upon section 4320, Mississippi Code 1906.

It is true that the introduction of a tax collector's deed, under the section relied upon by counsel for appellant, would have made a *prima facie* case if the deed had not been void for want of description and the presumption would have been that there was a valid assessment of the land sold, until the land assessment roll was introduced by the appellee showing that there was no assessment of the land on the assessment roll, then, the burden shifted back to the appellant to show that same had been assessed by the sheriff, the *prima facie* case made out by the introduction of the tax collector's deed was overcome by the introduction of the land assessment roll which showed no assessment of the land in controversy.

Under the provisions of section 4320, Mississippi Code 1906, authorizing tax collectors to assess and collect taxes on land liable to taxation left unassessed by the assessor, etc., it is the duty of the tax collector that he shall report to the board of supervisors on making each monthly settlement, under oath, additional assess-

ments made by him . . . and the additional assessments so reported must be approved by the board of supervisors to make the additional assessments valid. A tax collector's deed raises the presumption of the proper filing of the deed in the office of the chancery clerk within the time fixed, but if evidence is introduced to show that it was not so filed within the time required by law, the presumption is overcome; so it is with reference to an assessment. The tax collector's deed makes a *prima facie* case and raises the presumption that there was a valid assessment of the land, which makes the conveyance *prima facie* valid only, and leaves them subject to be avoided by proof that the assessment was illegal or that there was no assessment at all.

The tax collector's deed in the case at bar is void for the uncertainty of description, and, of itself, does not make a *prima facie* case under section 4320, Mississippi Code 1906, requires testimony to aid the imperfect description, and the assessment roll must furnish the clue, etc. If there was no assessment roll to aid him in his description appellant finds himself in the same predicament as was the man who undertook to lift himself over the fence by pulling to his boot straps.

Coox, J., delivered the opinion of the court.

The identical land involved in this suit was also involved in the case of *Reed* v. *Heard,* 97 Miss. 743, 53 South. 400, and the parties are the same. In this case this court held that the title to the land was vested in John A. Reed, the appellant then and now, under the facts disclosed by the record then before the court.

Appellant dismissed his suit in the circuit court, after he had gained it in this court, and afterwards instituted the instant case. On the trial the tax collector's deed and the order of the board of supervisors, authorizing the sale of all delinquent lands, were introduced in evidence. The tax receipt issued to W. B. Buford was also

introduced; but the assessment roll was not introduced by appellant, who was plaintiff below. Confessedly, there was a patent ambiguity in the description of the land given in the tax collector's deed, which as this court held in *Reed* v. *Heard, supra,* could be explained only by reference to the assessment roll, as aided by Buford's tax receipt.

The assessment roll in that case showed (according to the record) that the land described in the tax collector's deed was assessed to ''Unknown,'' and, there being only eighty acres in the subdivision, the forty acres in controversy, added to the forty assessed to Buford, completed the subdivision, and thereby it appeared that the land in question was properly assessed to ''Unknown.'' Here we have an entirely different state of facts. The court below did not have before it the assessment roll, which was before the same court at the former trial, and without this roll, the description in the deed was void for uncertainty.

Strange as it may appear, the defendant below did introduce the assessment roll, which apparently was the same roll introduced by plaintiff in the former case, which, when examined, discloses that the land in controversy was not assessed at all. That the same assessment roll was one thing in 1909 and quite a different thing in 1910 is mystifying to the ordinary mind; but, from the briefs and arguments of counsel, this court is authorized to infer that upon the first trial this roll was not actually introduced, as shown by the record to this court, but it was admitted, for the purposes of the trial, that the assessment roll, if produced, would show what was set out in the transcript.

So it follows that the appellant gained a barren victory upon a title by admission, and now encounters his Waterloo when verity is substituted for admission.

*Affirmed.*