METROPOLITAN LIFE INS. CO. *v.* HALL.*

(Division B.   Nov. 19, 1928.)

[118 So. 826.   No. 27427.]

---

*Corpus Juris-Cyc References: Fraud, 27CJ, section 170, p. 44, n. 57; section 199, p. 63 n. 89.

414

*Wells, Stevens & Jones,* for appellant.

*Collins & Collins,* for appellee.

*Wells, Stevens & Jones,* in reply for appellant.

416

ANDERSON, J. Appellee brought this action against appellant in the county court of Jones county, to recover the insurance premiums paid by her to appellant on a life insurance policy issued to her by appellant, upon the ground that appellee was induced to apply for and accept the policy through false and fraudulent represen-

tations of appellant. There was a trial, and a judgment for appellee in the county court. From that judgment appellant appealed to the circuit court of Jones county, where there was a judgment for appellee, from which judgment appellant prosecutes this appeal.

Appellee's position is that the contract of insurance was procured through the fraud of appellant, and was therefore void, which, under the law, entitled her to recover back from appellant the weekly premiums she had paid for the insurance; while appellant contends that the evidence neither established, nor tended to establish, that the contract of insurance was procured by fraud on its part, and therefore it was entitled to a judgment.

The policy provided that, on the death of appellee, the beneficiary therein named should receive the sum of two hundred dollars and that the policy would be matured by the payment of weekly premiums of fifty cents per week, for a period of five years; and recited that appellee's age, at her next birthday, would sixty-two years. The application for the policy, which purported to have been signed by appellee, also stated that her age, at her next birthday, would be sixty-two years.

After paying the weekly premiums for more than four years, appellant discovered that, at the time of the application for and the issuance of the policy, appellee would have been seventy years of age, at her next birthday, instead of sixty-two, as stated in the application and policy. Thereupon, appellant notified appellee that, on account of the error as to her age when the policy was applied for and issued, in case of her death the beneficiary in the policy would only be entitled to ninety dollars, instead of two hundred dollars. Appellee refused to accede to appellant's contention in that respect, and demanded from appellant the return of the premiums already paid. This occurred less than a year but several months before the expiration of the five-year period provided in the policy for its maturity. Appellee continued, however, to pay

the weekly premiums of fifty cents per week until the maturity of the policy, and then brought this suit to recover back all premiums she had paid. It will be seen, therefore, that this controversy arose between the parties more than four years after the issuance of the policy.

The policy contained a notice to the holder, in large type, in this language, "Please read your policy promptly upon receipt." On the second page of the policy, under the caption, "Option to surrender within two weeks," there was a stipulation that if the policy was not satisfactory or its conditions accepted, the appellee could surrender the policy for cancellation, and the premiums paid thereon would be at once returned. Appellee admitted, in her testimony, that the policy had been in her possession since its issuance. The evidence showed, without conflict, that at the age of seventy years, at her next birthday, the weekly premium of fifty cents per week would have purchased a policy for only ninety dollars, instead of two hundred dollars. This was shown by a mathematical calculation, based on the rate tables of appellant.

To make out her case of fraud in the issuance of the policy, the evidence was substantially as follows: That appellee was seventy-five years of age on the 9th day of September, 1927; that on October 28, 1922, she applied for the policy of insurance exhibited with her declaration; that she paid the premium therein provided for, of fifty cents per week, from October 28, 1922, to October 21, 1927, which paid the premiums in full for five years, provided in the policy for its maturity; that L. L. Valentine, the agent of appellant, solicited appellee's application for the insurance; that she told him that she was sixty-nine years of age at the date of the application, October 28, 1922; that Valentine told her that appellant would issue her a policy for two hundred dollars in consideration of the payment of a weekly premium of fifty cents, and that the policy would be paid up in full at the end of five

years, or when appellee reached the age of seventy-four years; that appellee did not sign the application for the policy; that when the application was presented to her for her signature, she had no spectacles; that a few days prior thereto her spectacles had dropped into a stove and had been burned up; that she tried the spectacles of some one else, but could not see to write her name to the application; that in filling out the application she did not give her age to Valentine as sixty-two years, but stated to him that her age was sixty-nine years. Appellee testified that on April 14, 1927, she received a letter from the district agent of appellant, Mr. Ory (which letter was introduced in evidence), in which Ory copied a letter from the assistant secretary of the home office of appellant in New York, stating that, as her correct age was sixty-nine instead of sixty-two, as stated in the application of appellee, appellant would, in accordance with the provisions of the policy, reduce the face amount of the insurance from two hundred dollars, payable at her death, to ninety dollars. In that letter, reference was made to a letter from appellee, dated February 26, 1927, in which she gave as the date of her birth, September 9, 1853, and stated that she was not sixty-two years of age in October, 1922, but that at that time, at her next birthday, she would be seventy years of age. In that letter from appellee, she demanded the return of all premiums paid by her on the policy. Appellee admitted, in testifying, that the policy was delivered to her soon after it was issued; that it plainly showed its date, and that her age, at her next birthday, would be sixty-two, and admitted that the policy had been in her possession since November, 1922, up to some time in the fall of 1927, when it was delivered to her attorney, Mr. Collins.

Valentine, the agent of appellant, who induced appellee to apply for the insurance and filled out her application therefor, testified that he filled out the blanks in the application in accordance with the facts as stated to him

at the time by appellee. In other words, that appellee stated at the time the application was made that her age was sixty-two instead of sixty-nine.

The policy of insurance contains this provision:

"If the age of the insured has been mis-stated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

Section 2676, Code of 1906 (Hemingway's 1927 Code, section 5938), provides that any mis-statement of age in a contract of life insurance shall not invalidate the contract, but, in such case, when death occurs, the beneficiary shall recover on the contract such an amount of insurance as the premium paid would have purchased for the insured at his actual age, reckoning his age according to the rate table of the insurance company issuing the contract.

The *prima-facie* presumption is that all persons act honestly. Fraud is never presumed. He who alleges fraud must prove it by clear and convincing evidence. This is true, both in the courts of law and in the courts of equity. *Parkhurst* v. *McGraw,* 24 Miss. 134; *Dunlap* v. *Fox,* 2 So. 169 (not officially reported); *Carter* v. *Eastman Gardner Co.,* 95 Miss. 651, 48 So. 615; *Willoughby* v. *Pope,* 101 Miss. 808, 58 So. 706.

Conceding every material fact to exist which the evidence tended, either directly or indirectly, to establish, was the question of fraud in the making of the contract for insurance one for the jury? Putting it differently: Was there any substantial evidence tending to show that Valentine, the agent of appellant, who procured appellee's application for the insurance, fraudulently mis-stated her age in the application? We think the question must be answered in the negative. Giving the evidence on appellee's behalf its full force and effect, it simply means this: That Valentine, the agent of appellant, solicited appellee's application for the insurance; that, in filling out the application blank, he erroneously mis-

stated her age. There was nothing in the evidence to show that this was done intentionally. For aught that appears in the evidence to the contrary, it occurred as the result of a misunderstanding by the agent of appellee's statement of her age. Simply the bald fact is shown —that appellee gave her age as sixty-nine, and appellant's agent wrote it down sixty-two. We think that fact alone was wholly insufficient to make an issue of fraud for the jury.

We are of opinion that the provision of the policy above quoted, with reference to a mis-statement of her age by the insured, and the statute above referred to, were intended to cover just such a character of mis-statement of age by the insured.

*Reversed and judgment here for appellant.*