BRADY, Justice:
Appellant, H. W. Wutzke, filed suit in the Circuit Court of Jackson County against appellee, Wayne Lee’s Grocery and Market, Inc., for malicious prosecution. At the conclusion of appellant’s evidence, the trial court sustained appellee’s motion for a directed verdict, and from this action the present appeal is prosecuted. The facts essential to the determination of this appeal are as follows.
Appellant purchased groceries from ap-pellee on May 22, 1964, in the amount of $37.81. Appellant at the time of the purchase requested credit from Wayne Lee, president of appellee corporation, and was referred to Lavelle Lee, Wayne Lee’s brother who was employed in the business. La-velle Lee was not called as a witness. However, the proof showed that appellant issued his check in the sum of $37.81 to cover the cost of the groceries, but the check was given with the understanding that it was not to be cashed since appellant had no funds in the bank. Appellant testified that it was agreed that he subsequently would pick up the check when he paid the amount due and owing. He further testified that the check was given in accordance with Lavelle Lee’s suggestion and was intended merely to simplify appellee’s record keeping.
Within approximately two weeks after the check was given, appellant paid appellee the amount due and owing. However, at the time payment was made, appellee’s representative was unable to locate appellant’s check. Therefore, a receipt was written on a piece of adding machine tape and was given to appellant to show that payment had been made. Appellant instructed ap-pellee’s representative to tear up the check when it was found.
*440 The record establishes that appellant continued to trade with appellee at least twice a week from May 22 through December 10, 1964. On December 10, 1964, over six months after appellant’s check of May 22, 1964, had been paid, appellee placed the identical check in the hands of a justice of the peace, J. Leslie Nelson, for collection. It is without dispute that one of ap-pellee’s authorized agents and employees, Durwood Parker, signed an affidavit charging appellant with the crime of issuing a worthless check. Pursuant to this affidavit an arrest warrant was issued, and, shortly thereafter, the arrest warrant was served on appellant at his home by Deputy Sheriff L. J. Bosarge. Appellant was unable to find the receipt which had been given to him earlier evidencing that the debt had been paid. In lieu of going to jail, appellant agreed to pay the amount specified in the arrest warrant. Appellant paid the deputy sheriff $46.81, which included the amount of the original bill, $37.81, plus justice of the peace costs of $5 and constable costs of $4. The deputy sheriff then gave appellant a receipt which read as follows :
“Rec’d from H. W. Wutzke $46.81 from
Check from Wayne Lee’s
/s/ L. J. Bosarge”
The record reflects that nine months later, in September 1965, while appellant was working as a salesman for Ferrer Motor Company, he was served another arrest warrant by Constable Stewart. Appellant testified that he was again given the alternative of paying the amount of the check and court costs or going to jail. He testified that the officer did not give him time to produce the receipt which he had been given earlier and “that’s why I went and paid it again.”
Following the second incident, appellant instituted this suit against appellee for malicious prosecution. The basic issue presented for our determination is whether the trial court erred in granting appellee a directed verdict. Such other facts as are necessary in determining this question will be presented.
The trial court granted the directed verdict on the ground that appellant had failed to show that the acts of appellee’s agents in instigating the criminal proceedings were expressly authorized, were within the scope of the agents’ employment, or were subsequently ratified by appellee.
Initially, it is evident that if ap-pellee’s agents were expressly authorized to institute criminal proceedings to collect the amount of the check, it is wholly immaterial whether the specific acts of the agents were within the scope of their employment or were subsequently ratified by appellee. Gandy v. Palmer, 251 Miss. 398, 169 So.2d 819 (1964), does not require that each of the three essential conditions upon which a principal can be held liable for the acts of a servant must be established. Any one of the essentials, when clearly established, is sufficient to hold the principal liable.
The record discloses that Wayne Lee owned fifty-one percent of the stock in appellee corporation and had used the justice of the peace court over a considerable period of time in the collection of accounts. The justice of the peace estimated that he had handled $10,000 worth of checks for appellee in the past.
Wayne Lee denied that he had expressly authorized Durwood Parker to sign the affidavit instituting criminal charges against appellant. However, in response to questioning as to whether Parker had authority to sign the necessary affidavits, Lee replied: “We always send them to the justice of the peace office and whatever they give them to sign, we sign whatever we have to sign.” Lee further testified as follows :
“Q Whatever they give you to sign, you sign?
“A That’s right.
*441 “Q And Mr. Durwood Parker had that authority on May 22, 1964 did he not — excuse me, on December 10, 1964?
“A Whenever I sent him down there. I don’t remember what date I sent them.
“Q If that was the date that the charges were made, he had the authority to go and sign papers that day, didn’t he?
“A That’s right, the date I sent him with those checks, yes.”
Wayne Lee’s testimony further reveals that the justice of the peace acted as agent for appellee corporation in the collection of the check in question. The record discloses that blank affidavits were signed by Lee as president of appellee corporation with the understanding that such affidavits were to be filled in by the justice of the peace at a later time. Lee positively testified that he sent the check in question to the justice of the peace “to do whatever they want to with it.”
It is evident from this modus operandi, which had been carried on over a considerable period of time, that both Durwood Parker and the justice of the peace had carte blanche insofar as the preparation and issuance of the affidavit and arrest warrants were concerned. This authorization was in full operation for almost a year and a half and twice resulted in the collection of a debt which previously had been paid.
We are of the opinion that under these circumstances the factual issue of authorization should have been submitted to the jury, especially in view of Wayne Lee’s testimony that he didn’t want appellant jailed and that he didn’t expressly order Parker to sign the affidavit upon which the arrest warrants were issued. Fowler v. King, 254 Miss. 61, 179 So.2d 800 (1965).
In the court below appellee pleaded as follows:
That in the operation of this retail grocery business your Defendant takes in from twelve to fifteen hundred checks every week, and those that fail to clear the bank, after reasonable effort is made to collect same, are turned over to Judge J. L. Nelson, the duly elected Justice of the Peace of District 3, Jackson County, Mississippi, for whatever action he may deem necessary or expedient for the collection thereof. (Emphasis added.)
On the basis of the above pleading the trial court could have found that appel-lee authorized the acts of the justice of the peace. We have repeatedly held that the pleadings of the parties are binding upon them unless subsequently amended or modified by their own acts. Woodrich v. St. Catherine Gravel Co., 188 Miss. 417, 195 So. 307, 127 A.L.R. 1179 (1940); Parkhurst v. McGraw, 24 Miss. 134 (1852).
The justice of the peace in the present case had a unique caliper for determining whether civil or criminal procedure should be utilized in handling his cases. This is reflected by the following testimony:
“Q Let’s say, if anyone sends ten checks down to you for collection, now who determines whether a criminal affidavit is made or a civil suit is filed, and so on?
“A I determine it. If it’s paid on a bill, if it’s a civil suit, or if it’s over $25.00 it’s a criminal suit, or if it’s under $25.00, it’s a civil suit.
“Q You determine that?
“A I do, yes I determine that.”
It is apparent that appellee, through its president, Wayne Lee, entrusted all its bad check collections to the discretion of the justice of the peace. This unwise discretion accorded the justice of the peace resulted in the use of criminal processes for the double collection of a civil debt which had already been paid.
*442 For the reasons previously stated, we are of the opinion that the trial court erred in directing a verdict for appellee. Therefore, the judgment is reversed and the cause remanded for retrial.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, INZER and ROBERTSON, JJ., concur.