304 So.2d 45 (1974)
Carrie MINOR
v.
ENGINEERING SERVICE CO., INC.
No. 47731.
Supreme Court of Mississippi.
November 4, 1974.
Rehearing Denied December 23, 1974.
*46 Wells & Tipton, Natchez, for appellant.
Watkins & Eager, Elizabeth W. Hulen, Hassell H. Whitworth, Jackson, for appellee.
INZER, Justice:
This is an appeal by Carrie Minor from a judgment of the Circuit Court of Adams County dismissing her suit against appellee Engineering Service Co., Inc. for damages for personal injuries. The judgment was entered as a result of a directed verdict in favor of appellee. We reverse and remand.
Appellant brought suit against appellee for personal injuries alleged to have been caused by the negligence of the employees of appellee. The declaration charged that on July 28, 1970, employees and agents of appellee were making a survey for a location for an oil well near and on the resident property of Lottie Wesley, mother of appellant. The house was located on what was known as Overton Plantation in Adams County, and it was charged that on the date in question appellant was visiting her mother and when she started to leave she tripped on a metal tape or chain that the employees of appellee had placed across the front porch of her mother's residence. As a result of her fall she suffered serious and permanent injuries to her back.
It was charged that appellee was guilty of negligence in pulling the tape or chain across the front porch of appellant's mother's home without giving any warning to the occupants of the house. It was also charged that appellee knew or should have known that by stretching this tape or chain across the porch the occupants of the house would not see or suspect this hazard in their path on leaving the house.
Appellee answered the declaration and admitted on July 28, 1970, some of its employees were making a survey near the residence of Lottie Wesley, mother of appellant, in Adams County. Appellee denied that the accident occurred as described in the declaration and denied that it was guilty of any negligence that caused or contributed to appellant's injury. After answering appellee alleged the following affirmative matters:
That on the date of the incident complained of in the Declaration of Plaintiff, employees of Defendant in conducting a survey to stake-out an oil well site placed a small metal tape across the front porch of the home of the mother of the Plaintiff; that after said tape was placed across said porch, Plaintiff and others walked across the porch and across said tape and into the home of the mother of Plaintiff; that the tape as placed on the porch was open, obvious and was seen or should have been seen by plaintiff and any and all others who walked across same since said tape lying in said position was in no way concealed and could be seen by anyone exercising any type of reasonable care; that if Plaintiff did trip and fall by stumbling over the tape, as alleged, all of which is denied, then Defendant would show that *47 the sole cause of the fall was the negligence of Plaintiff in failing to exercise due care and seeing the open, obvious condition which was in plain view of Plaintiff; and that the aforesaid negligent acts and omissions of plaintiff were either the sole proximate cause or a contributing proximate cause of any fall, if one occurred, which is denied, and any and all resulting injuries and damages, if any, sustained by Plaintiff.
A trial was had at the March 1972 term of court which resulted in a mistrial because the jury failed to agree. The trial involved on this appeal was had at the March 1973 term of the court. The proof on behalf of appellant was to the effect that she went to the home of her mother on the day in question for the purpose of taking her mother to the doctor. The house where her mother lived was located on Sligo Plantation and had been rented by her mother for about twelve years. Appellant testified that when she arrived at the home of her mother about 4 p.m., she did not see any men making a survey. There was no tape or chain across the front porch. She remained in her mother's home for about thirty minutes and when she was leaving she walked out on the porch and tripped over a tape or chain causing her to fall backwards off the porch striking a concrete block. As a result she suffered severe injuries to her back consisting of two ruptured vertebrae requiring surgery. She said that after she fell she noticed two men, one white and one black. The white man came up and without identifying himself gave her sister the name and address of his employer, the appellee, and told her to get in touch with them if she had any medical bills.
Appellant's testimony was corroborated by her sister and her aunt who were also visiting in the home. Appellant's mother also testified that appellant came to her home for the purpose of carrying her to the doctor. She did not see her daughter fall but after hearing the noise she went to where she could see and noticed a white man and a black man. She said that no one came to her home on that day to obtain permission to place the tape or chain across the porch, and she had no knowledge that a survey was being made.
When appellant rested appellee made a motion for a directed verdict, the principal ground being that appellant had failed to prove that the people who placed the chain across the porch were its agents, servants or employees.
It was also contended that if its agents, servants or employees did place the chain across the porch, the only duty it owed appellant was not to wilfully or wantonly injure her and no such negligence had been shown. Further, appellee contends that appellant testified at the time she fell she was not looking where she was walking and that this constituted negligence which was the sole proximate cause of the accident. This motion was sustained and the judgment was entered accordingly dismissing the suit.
The principal question on appeal is whether the action of the trial court in directing a verdict for appellee was error. Appellant urges that her evidence together with the admission of the appellee in its pleadings clearly establishes that the tape or chain were placed across the porch by appellee's employees.
Appellee takes the position that the admission in its affirmative pleadings is not binding for the reason that this factual matter pleaded constituted inconsistent pleading and by virtue of the statute inconsistent pleading is permitted.
We need not pause to consider whether the pleader is bound by inconsistent averments or denials in the pleading for the reason that there is nothing inconsistent in the pleadings in this case. In its answer appellee admitted that on the day in question some of its employees were making a survey near the residence of Lottie Wesley but denied that an accident happened. Then in its affirmative matter, appellee alleged *48 as a fact that on the day of the accident, its employees were making a survey for an oil well site and placed a small tape across the front porch of the home of the mother of the appellant. However, it denied that appellant tripped and fell by stumbling over the tape. It also was alleged that if she did fall, she was guilty of negligence which either was the sole proximate cause or a contributing cause of the accident.
It is a well settled rule in this state that the pleadings of the parties are binding upon them, and the admission of the appellee that its employees in fact did place the tape across the porch together with the evidence on behalf of the appellant was sufficient to withstand a motion for a directed verdict on this point. Wutzke v. Wayne Lee's Grocery & Market, Inc., 199 So.2d 438 (Miss. 1967).
Appellee contends as alternative that the trial court was correct in sustaining its motion for a directed verdict for the reason that appellant was a mere licensee and that she wholly failed to prove any wilful and wanton injury to her by appellee. Appellee cites and relies on Bishop v. Stewart, 234 Miss. 409, 106 So.2d 899 (1958). In this case Bishop, the owner of the premises, granted permission to one of the defendants to store several truckloads of pipe on the vacant portion of his commercial lot. The pipe was placed across a path which Mrs. Bishop used going from her home to her husband's place of business. She was injured when she stumbled over the pipe while going from her home to the store at night. She brought suit seeking to recover damages and alleged simple negligence. We held under these circumstances that the defendants were occupants of that part of the premises where the pipe was stored and Mrs. Bishop's relationship to occupants was that of a licensee, and the only duty that the occupants owed her was not to harm her wilfully or wantonly. In the case at bar, we have an entirely different situation. Appellant was an invitee of her mother, who was a lessee of the owner of the surface. Appellee was an employee of the holder of the mineral rights and as such had the right to enter the premises and make the survey, but it was not an occupant of the premises while so doing. We are of the opinion under the facts and circumstances of this case that each party was charged with the duty of exercising due regard for the rights of the other. In other words, appellee was charged with the duty of using reasonable care not to injure others rightfully on the premises. Whether it did so in this case is an issue to be determined by the jury.
For the reasons stated this case must be and is reversed and remanded for another trial. Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, WALKER and BROOM, JJ., concur.