WALKER, Justice,
for the Court:
The action arose as a result of a fall suffered by Carrie Minor while she was visiting the home of her mother on July 28, 1970. Mrs. Minor alleges that agents of the defendant, Engineering Service Company, Inc., negligently stretched a metal tape or chain across her mother’s porch while they were conducting a survey on the land. The first trial in the Circuit Court of Adams County resulted in a mistrial because the jury failed to agree upon a verdict. The second trial resulted in a directed verdict for the defendant, which was reversed by this Court. Minor v. Engineering Service Co., 304 So.2d 45 (Miss.1974). This Court construed the defendant’s inartfully drafted pleadings as an admission “that its employees in fact did place the tape across the porch.” Id. at 48. We held that this admission, together with the evidence presented by Mrs. Minor, was sufficient to withstand the motion for a directed verdict, and consequently we remanded the case “for another trial.” Id.
On July 8, 1975, before the third trial of this case, the defendant asked for leave to amend its answer so as clearly to deny that its employees had stretched a tape or chain across the porch belonging to Mrs. Minor’s mother. On July 14, 1975, Mrs. Minor filed a motion in opposition to the defendant’s request for leave to amend. A hearing was held on July 15, 1975, and the trial court allowed the amendment. The case went to trial for the third time on December 9,1975. During Mrs. Minor’s testimony, the defendant objected to her attempts to recount the statements of one Lowery Martin, who allegedly admitted at the time of the accident that he was an employee of the defendant and that he had stretched the chain across the porch. At that point, Mrs. Minor moved to strike the defendant’s amended answer for being contrary to the testimony adduced in the previous trials. The court granted the motion to strike. The court proceeded with the trial of the ease, overruling defendant’s motion for a directed verdict, and the jury returned a judgment of $45,000 in favor of Mrs. Minor. In its appeal, the defendant assigns as error the granting of the motion to strike, the overruling of his motion for a directed verdict, and the admission of Mrs. Minor’s testimony that Martin had admitted that he worked for the defendant and had stretched the tape across the porch.
The common denominator of all three assignments of error is the defendant’s contention that it has never been proved that its employees in fact placed the tape across the porch. On the contrary, that fact was proved by the defendant’s own witnesses. Lowery Martin, offered by the defendant, testified that he had been one of the defendant’s employees for six years. He further testified that his crew was surveying in the vicinity of Mrs. Minor’s home on the day of the accident. He said that they were using a 200 foot metal tape. John Williams, another of the defendant’s witnesses, testified that he had been a member of the crew that day. On cross-examination, he testified that his crew had indeed stretched its chain across the porch. Thus, the defendant’s own witnesses established beyond dispute the very facts which it claimed Mrs. Minor failed to prove.
It may very well be true that the court ought not to have stricken the defendant’s amended answer. It might likewise be true that Mrs. Minor’s testimony of Martin’s admission was improperly admitted. Finally, it might also be true that the *918 defendant was entitled to a directed verdict at the close of the plaintiff’s evidence. However, the defendant waived its right to object to the overruling of its motion for a directed verdict by choosing to present evidence in its own defense. See, e. g., Watts v. State, 317 So.2d 715, 716 (Miss.1975). At the close of the defendant’s evidence, the court was obliged to consider all the evidence presented by both parties. See Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 656 (Miss.1975). Upon consideration of the testimony of Martin and Williams, it is uncontradieted that they acted as the defendant’s agents at the time of the accident. The court was fully justified in sending the case to the jury on the issues of negligence and damages alone. The conduct of a trial is primarily the search for truth, and we are satisfied that the truth has been discovered in this case. We therefore affirm the judgment.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.