### North American Union v. Ida Trenner.

### Gen. No. 13,686.

1. PLEADING—*when informality of plea waived.* The conclusion of a plea, though informal, is not material, on review, where the demurrer sustained thereto was general and did not go to the form.

2. INSURANCE—*effect of incontestable clause.* An incontestable clause in a policy of insurance does not preclude the defense of suicide where the suicide clause in the policy is a part of the contract to pay, providing how much shall be due and payable, in the event of death by self-destruction.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed and remanded. Opinion filed January 28, 1908.

ROBERT S. ILES, for appellant; R. E. HAMILTON, of counsel.

LEROY HACKETT, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Herman W. Trenner was insured in the North American Union, a fraternal benefit society, for the sum of $1,000. July 19, 1905, while he was still a member of the society, he committed suicide, according to the record. Ida Trenner, appellee, the beneficiary named in the benefit certificate, brought this suit in the Circuit Court and recovered a judgment against appellant for $1,000, and this appeal is prosecuted to reverse the judgment.

In her declaration appellee sets out the benefit certificate as follows:

"Number                                               Dollars.
   6247.                                             $1,000.00.

NORTH AMERICAN UNION
BENEFIT CERTIFICATE.

This is to certify that Herman W. Trenner is a member of the North American Union, duly admitted to membership in Lake City Council No. 51 thereof, on the 30th day of June, A. D. 1899, and that he is a contributor to the Mortuary Fund and the Reserve Fund of said North American Union, and as such is entitled to all the rights, privileges and benefits, and is charged with all the obligations of such membership.

And Witnesseth: That upon condition that the statements made by said member in his application for membership in said council, the representations and agreements made and subscribed by him in the medical examiner's blank, and the answers given and certified by him to the Medical Examiner, all of which representations, agreements, statements and answers are hereby acknowledged and declared by him to be warranties, be made a part of this contract, and upon condition that the said member complies in future with the laws, rules and regulations now governing the said North American Union, and the mortuary and reserve funds thereof, or that may hereinafter be enacted to govern the same, all of which said laws, rules and regulations are also made a part of this contract, and upon said member assenting to and complying with all the conditions herein provided, the North American Union hereby promises and binds itself to pay out of its mortuary fund to Ida Trenner, his wife, the sum of one thousand dollars, in accordance with and under the provisions and the laws governing the said fund, upon satisfactory proof of the death of said member, and upon the surrender of this certificate, provided that said member is in good standing in this Association at the time of his death, and provided also that this certificate shall not have been previously surrendered by said member, or cancelled, in accord-

ance with the laws of this Association, and subject also to the following provisions:

TOTAL AND PERMANENT DISABILITY: If said member shall at any time after he has been a member of this Association for a continuous period of three years, become totally and permanently disabled from following any occupation not prohibited by the laws of this Association, he may, upon satisfactory proof of such total permanent disability, surrender this certificate and receive one-half of the sum herein agreed to be paid in case of his death, which payment shall be a full acquittance of all the obligations of this contract, and shall conclude and terminate all the rights and interests of said member, and the beneficiary or beneficiaries named herein, and acquired by virtue of his membership in said Association.

ANNUITY: When said member shall have reached the age of seventy years, no further payments of assessments shall be required, and he shall be entitled, at his option, to receive annually from and after his seventieth birthday, as an annuity, a sum equal to one-tenth of the amount agreed to be paid at his death, the aggregate amount of such annual payments shall in no case exceed the mortuary benefit herein agreed to be paid, and shall be charged against such mortuary benefit, and his beneficiary or beneficiaries shall be entitled at his death to receive only the balance due after deducting the sum total of said annual payments so made.

SUICIDE: Should said member die by his own hand or act, sane or insane, and while he is a member of this association, his beneficiary or beneficiaries shall in such case receive only one-half of the amount herein agreed to be paid as a mortuary benefit.

EXPULSION OR DEFAULT: If said member shall be expelled, or shall fail in his payments to the Mortuary and Reserve Funds, or shall default in any of his agreements, or shall suffer his membership to be terminated from any cause, prior to his death, he shall forfeit to said North American Union all moneys paid in by him on account of his membership in the Association, and he and his beneficiary or beneficiaries shall forfeit all rights acquired by virtue of his said

membership, and shall not be entitled to any of the payments herein provided.

INCONTESTABLE: This contract shall be incontestable after two years from the date hereof, except for non-payment of dues, assessments, fines or premiums, engaging in prohibited occupations or becoming habitually addicted to the excessive use of intoxicating liquors, opium, or other injurious drugs or substances, contrary to the laws, rules and regulations of the Association, and the agreements of the member.

IN WITNESS WHEREOF, the North American Union has hereunto affixed its seal, and caused this certificate and agreement to be signed by its Supreme President and attested and recorded by its Supreme Secretary, at Chicago, Illinois, this 1st day of July, A. D. 1899.

(Signed) ROBERT S. ILES,
(SEAL) Supreme Pres't.
(Signed) G. LANGHENRY,
Supreme Secretary.

We hereby certify that the within named Herman W. Trenner was duly admitted to membership in Lake City Council No. 51, North American Union, on the 30th day of June, A. D. 1899.

(Signed) E. F. ROSENBERG,
President.
(SEAL) (Signed) ARTHUR E. PIGGOTT.
Secretary.

I hereby accept this certificate on the conditions hereinabove named and assent thereto and agree to comply therewith.

(Signed) HERMAN W. TRENNER.''

Appellant pleaded the general issue and a special plea. The plaintiff joined issue on the first plea and filed a general demurrer to the special plea, which was sustained by the court, and leave was granted to the defendant to file an amended special plea within five days. Within that time the defendant filed the following special plea:

"Defendant comes and defends the wrong and injury when, etc., for further plea in this behalf, says that plaintiff, because of anything in her declaration,

ought not to prevail in her said action against defendant, when it says that in and by the benefit certificate or policy of insurance entered into by defendant and said Herman W. Trenner and upon which plaintiff relies, it is specially provided as follows: 'Suicide: Should said member die by his own hand or act, sane or insane, and while a member of this association, his beneficiary or beneficiaries shall in such case receive only one-half of the amount herein agreed to be paid as a mortuary benefit.' Defendant further says that by said contract so entered into by defendant and Herman Trenner, as alleged in plaintiff's declaration, and upon which plaintiff relies, it is specially provided and made a condition of membership of defendant that said Herman Trenner should comply with all the laws, rules and regulations governing defendant and the mortuary and reserve funds thereof, then in force at the date of this admission, or that should thereafter be enacted to govern the same; and further specially provided in said contract that all of said laws, rules and regulations of said defendant be and are made a part of said contract of insurance, and do and are and constitute a material part thereof. That said Herman Trenner by express agreement in writing accepted said contract and assented to its conditions and provisions and agreed to comply therewith and signed his acceptance, as will appear by contract set out in plaintiff's declaration; that laws of defendant, in force at date of admission of said Trenner, and at date of execution of contract to him, provided that if a member of defendant should die by his own hand or act, sane or insanse, his beneficiary or beneficiaries should be entitled to receive only one-half of the amount specified in the certificate of membership or policy of insurance of such member, and that said certificate and contract issued to said Trenner upon which plaintiff relies was executed to said Herman Trenner in pursuance of said laws and in full compliance with the terms thereof, and was so accepted by said Trenner under and in compliance

with said laws and according to the strict meaning and intent of said laws, and that in and by said rules and regulations of defendant it is provided that the terms of said contract between the members and defendant shall be stated in the contract or benefit certificate issued to such member and that the terms of said contract between said Herman Trenner and defendant were and are stated therein, and that said terms so stated have not been changed, altered or amended by the laws, usages or regulations of defendant since the execution of said contract on the date of the death of said Herman Trenner, was still in full force and effect according to its terms and conditions.

"Defendant further avers that said Herman Trenner did, after entering into the said contract, to wit: July 19, 1905, while a member of defendant, commit suicide, and did, on, to wit: July 19, 1905, die by his own hand or act, wherefore there became and was due under the terms of the contract $500 payable to plaintiff as beneficiary, which said sum was and is the full amount due plaintiff, and is in full compliance with the terms of said contract and is one-half of the amount contained therein.

"Defendant further avers that before the beginning of this suit and immediately after proofs of death were sent to defendant, defendant tendered to plaintiff said $500 in full payment of contract of insurance according to its terms and provisions; that plaintiff refused to receive the same; that defendant has ever since remained and is still ready and willing to pay the $500, but that plaintiff has refused to receive the same; that defendant brings said $500 into this court ready to be paid to plaintiff in full satisfaction of said claim if she will accept the same. Defendant puts itself upon the country."

To this plea the plaintiff filed a general demurrer which the court sustained. The defendant elected to stand by its plea and the court thereupon assessed the plaintiff's damages, without a jury being waived, at the sum of $1,000, and entered judgment.

With a plea of the general issue on file, it was manifest error to assess damages by reference to the court, but as counsel for appellant do not present the point in their brief, it is waived.

Error is assigned and argued upon the ruling of the court in sustaining the demurrer to the amended special plea.

By the pleadings the contract, the suicide of the insured, and the tender of one-half of the amount specified in the benefit certificate, namely, $500, in payment of the mortuary benefit thereunder, and the refusal to accept the tender, are admitted. This presents the question,—does the plea set up in substance a good defense to the action? The conclusion of the plea is not formal, but the general demurrer does not go to the form.

The contract of insurance is entire and contains no ambiguous terms or provisions which call for construction or interpretation. The terms and the amounts payable thereunder are definitely and clearly fixed. Appellant contracted to pay out of its mortuary fund to appellee $1,000 in accordance with, and under the provisions of, the laws governing the fund, upon satisfactory proofs of the death of said Herman W. Trenner, providing he was in good standing in the association at the time of his death, and the certificate had not been surrendered or cancelled, subject "to the following provisions." Then follow provisions as to total and permanent disability, an annuity, suicide, expulsion or default, and that the contract would be incontestable after two years from its date.

The provision as to suicide is set out in the declaration, and also in the plea, and provides that "should said member die by his own hand or act, sane or insane, and while he is a member of this association, his beneficiary or beneficiaries shall in such case receive only one-half of the amount herein agreed to be paid as a mortuary benefit." On the admitted fact averred in the plea that Herman W. Trenner, the in-

sured member, died by his own hand or act, considered in connection with the other provisions of the contract, appellee is entitled to receive from appellant $500 and no more.

But it is contended in behalf of appellee that even though Trenner came to his death by suicide, the incontestable clause of the contract applied, and The Royal Circle v. Achterrath, 204 Ill. 549; Grand Legion Selected Knights v. Beaty, 224 *id.* 346; and Protection League v. McKee, 122 Ill. App. 376, are cited in support of the contention. We think those cases do not apply to the case at bar. The contracts passed upon and construed in those cases are quite different in their provisions from the contract shown in the record. The suicide clause in the contract before us is a part of the contract to pay, providing how much shall be due and payable under the circumstances named therein. Insisting upon this clause and offering to comply with it, and pay one-half of the amount named in the contract, and tendering the same to appellee, is not contesting the validity of the contract. On the contrary, it is admitting its validity, and is doing all that appellant is required to do to perform and fulfill the contract on its part. Each and all of the above named provisions following the agreement to pay $1,000 to appellee are modifications of that agreement, and define the rights of the parties in the several contingencies specified therein. The agreement to pay the sum specified to appellee is contingent upon the subsequent conditions, and by express provision is made subject thereto. The incontestable clause does not waive or supersede any of them. It relates to the contract of membership entered into by the insured, and not to the terms of payment provided in the contract.

It follows that the court erred in sustaining the demurrer to the amended special plea, and for that error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*