[No. 2141, March 12, 1918.]
STEAN v. OCCIDENTAL LIFE INS. CO.

SYLLABUS BY THE COURT.
1.   The word "incontestable," as used in life insurance policies providing that the policy shall be incontestable, means indisputable and amounts to a guaranty that no objection shall be taken to defeat the policy on the death of the person whose life is insured.                    P. 348

2.   An incontestable clause in a policy of insurance does not preclude the defense of suicide, where the suicide clause in the policy is a part of the contract to pay, providing how much shall be due and payable in the event of death by self-destruction.                    P. 348

Appeal from District Court, Bernalillo County, Mechem, Judge.

Suit by Gussie I. Stean against Occidental Life Insurance Company. Judgment for plaintiff, and she appeals. Affirmed.

HEACOCK & CORNELL, of Albuquerque, for appellant.
A. B. McMILLEN, of Albuquerque, for appellee.

## OPINION OF THE COURT.

ROBERTS, J. This suit was instituted in the court below by appellant to recover from appellee the sum of $2,000, alleged to be due appellant as beneficiary under a policy of insurance of $2,000 on the life of her husband, Earl R. Stean, issued by appellee. Appellee answered and admitted the execution of the policy and alleged that there was due thereon the sum of $76.80, which was tendered to appellant. The case was submitted to the court on stipulation of facts, substantially as follows:

The policy of insurance was issued on the 19th day of June, 1915, and, in consideration of an annual premium of $38.40 to be paid on the 18th day of June of each year, the company agreed to pay $2,000 to the beneficiary upon receipt of due proofs of the death of the insured should such death occur within ten years from the date of the policy and while the policy was in force. The policy contained two provisions which are involved in this case, which are as follows:

"1. This policy is incontestable after one year from date of issue except for nonpayment of premiums and is absolutely free from all conditions as to residence, occupation, travel or place of death.   *   *   *

"7. Death by self-destruction, sane or insane, within two years of the date of the issue hereof, shall limit the amount payable by the company to the total premiums paid by the insured, and no more. This policy is issued on the non-participating plan. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

The insured had paid two annual premiums of $38.40 each, and on the 7th day of March, 1917, while the policy was in full force, the said Earl R. Stean died by self-destruction. The insured having died more than one year after the issuance of the policy but within less than two years from such time, the trial court found that under said paragraph 7 the beneficiary was entitled to only the annual premiums paid by the insured and entered judgment accordingly. To review this judgment this appeal is prosecuted.

[**1, 2**] The sole question presented under the pleadings and stipulation of facts in this case is the proper construction of the policy and the amount to be recovered thereunder. That it was competent for the company to limit its liability in case of self-destruction by the insured is not questioned, and that it had such right is well settled. 25 Cyc. 878; Bigelow v. Berkshire Life Ins. Co., 93 U. S. 284, 23 L. Ed. 918. The provision in case of self-destruction within two years of the date of the issue of the policy, and its effect, is clear, and there can be no question as to its meaning; but appellant relies upon the incontestable clause of the policy to defeat the clause relative to self-destruction. Appellant contends that appellee has contested the policy, and her argument and the authorities cited are directed to this theory of the case. Of course, if it is true that the construction which appellee claims should be placed upon the policy amounts to a contest, clearly appellant would be right in her contention. It is beyond question that in the interpretation of a policy of insurance it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which in making the insurance it was his object to secure, and when the words used by the insured are, without violence susceptible of two interpretations, that which will sustain his claim and cover the loss must in preference be adopted. May on Insurance, § 175; Elliott on Contracts, vol. 2, § 1528, and cases cited.

We are unable to see how the assertion by the insurance company that its liability is limited to the return to the beneficiary of the premiums paid by the insured under the suicide clause amounts to a contest of the policy. The insurance company admits that the policy is in full force and effect and that it is liable thereunder, but insists that its liability is limited to the return of the premiums paid because of the fact that the insured committed suicide within two years. The provision that its liability in such case shall be limited to a return of the premiums is clear, and there can be no question as to its meaning. The incontestable clause in the policy is in substance that the validity of the policy will not be questioned after the expiration of one year, but the suicide clause is not one which enters into the original validity of the contract, but one which limits the right of recovery after the full existence of the contract is established. A very good definition as to the meaning of "incontestable" is found in Simpson v. Life Ins. Co. of Virginia, 115 N. C. 393, 20 S. E. 517, which is as follows:

"That a promise that all assurances shall be unquestionable means indisputable, and amounts to an absolute guaranty that no objection shall be taken to defeat the policy on the death of the person whose life is insured."

In construing life insurance policies as in the construction of other contracts, the entire contract is to be construed together for the purpose of giving force and effect to each clause. 25 Cyc. 740. In the policy under consideration, the clause limiting the liability in the case of self-destruction does not conflict with the incontestable clause. The amount payable in case of death by self-destruction is just as much a part of the contract as is the amount payable in case of death from natural causes. Neither the one nor the other can be determined without examining the terms of the contract. Neither amount will be payable unless the policy is valid and in force. The right to the amount payable in case of

self-destruction depends upon exactly the same prerequisites as the amount payable in case of death from natural causes. In this case there is no fact in controversy. There is no contest upon the facts. The sole question presented is the application of the law to the facts; that is, when the appellee asked the court to construe the policy according to the plain language embraced therein, did that amount to a contest under the incontestable clause? It must be clear that every resistance by the insurer against the demand of the beneficiary is in one sense a contest, but it is not a contest of the policy; that is, not a contest against the terms of the policy but a contest for or in favor of the terms of the policy. In other words, there are two classes of contests; one to enforce the policy, the other to destroy it. Undoubtedly the term "incontestable" as used in a life insurance policy means a contest, the purpose of which is to destroy the validity of the policy, and not a contest the purpose of which is to demand its enforcement. Here, the appellant and the appellee are demanding exactly the same thing, namely, the enforcement of the terms of the policy. The dispute is as to those terms, and seeking the construction by the court of the terms of the policy and the application of the terms when ascertained is not a contest of the policy. In the case of Childress v. Fraternal Union of America, 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236, the same point was involved, and the court held that the assertion by the insurance company of its limited liability under the suicide clause was not a contest of the policy. This case was cited with approval by the Appellate Court of Indiana in the case of Court of Honor v. Hutchens, 79 N. E. 409. The same rule was announced in the case of North America Union v. Trenner, 138 Ill. App. 586. In 14 R. C. L. 1233, it is said:

"It would seem that a provision for reduced liability in the case of death by suicide is not affected by the incontestable clause."

We are of the opinion, that, while the policy in this case became incontestable after one year except upon

the grounds stated, that it was in force according to its terms and those terms being plain and explicit to the effect that the beneficiary in case of suicide of the insured should be entitled only to recover the premiums paid, the amount for which judgment was rendered in the court below and which was tendered into court, the judgment of the court must be affirmed, and it is so ordered.

HANNA, C. J. and PARKER, J., concur.