## HOWE v. NEW YORK LIFE INS. CO.
### No. 4322.

District Court, S. D. California, Central Division.

Dec. 11, 1931.

Macfarlane, Schaefer, Haun & Mulford, of Los Angeles, Cal. (Henry Schaefer, Jr., of Los Angeles, Cal., of counsel), for plaintiff.

Meserve, Mumper, Hughes & Robertson, of Los Angeles, Cal. (Shirley E. Meserve, of Los Angeles, Cal., of counsel), for defendant.

COSGRAVE, District Judge.

From the agreed statement of facts it appears that on July 31, 1928, defendant issued its policy of insurance on the life of Harvey K. Howe for $5,000, in which plaintiff was made beneficiary. The policy contains two provisions that control the decision of the case. They are:

"Self-Destruction: In event of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company and no more."

"Incontestability: This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to double indemnity."

The premiums amounting to $62.60 yearly were paid for two insurance years. In April, 1930, before the expiration of the second premium year, the insured committed suicide. On May 29th thereafter defendant tendered to plaintiff the amount of the premiums, $125.20, paid to it, which tender plaintiff refused. On October 1st thereafter plaintiff presented proofs of loss to defendant, and defendant renewed its tender of the amount of the premiums, which was again refused. Defendant brought no action to cancel the policy, and the same is in full force and effect as to whatever may be due thereunder.

This action was filed on October 15, 1930. Plaintiff contends that the provision making the policy incontestable after two years from its date bars the defendant from interposing any defense to plaintiff's claim to the full amount of the policy on the ground of self-destruction; that in the provision relating to incontestability there is no exception on this ground, and therefore it may not be set up as a defense; that it is available as a defense only if interposed within two years following the date of the policy, that is, before July 31, 1930.

Plaintiff cites Northern Life Insurance Co. v. Schwartz (D. C.) 19 F.(2d) 142; Standard Life Insurance Co. v. Robbs, 177 Ark. 275, 6 S.W.(2d) 520; Mutual Life Insurance Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860, in support of her position, relying principally upon Northern Life Insurance Company v. Schwartz, supra, a case in the Northern District of California.

Defendant contends that in interposing its defense to the action it is not contesting the

policy in the sense of denying its validity, force, or effect in any particular, but is recognizing it as an existing contract to be enforced according to its terms; that the fact of suicide does not cancel or invalidate the policy, but affects only the amount due under it; that the amount due under the policy in the event of suicide is a part of the policy equal in importance to that part fixing the amount due when death occurs from natural causes.

Defendant cites Stean v. Occidental Life Insurance Co., 24 N. M. 346, 171 P. 786, decided in 1918 by the Supreme Court of New Mexico; Childress v. Fraternal Union, 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236; North American Union v. Trenner, 138 Ill. App. 586; Hearin v. Standard Life Insurance Co. (D. C.) 8 F.(2d) 202; Mack v. Connecticut General Life Insurance Co. of Hartford (C. C. A.) 12 F.(2d) 416.

Northern Life Insurance Company v. Schwartz was an action in equity brought by insurer to cancel the policy on the ground that the suicide occurred within the inhibited period. The clause relating to suicide is not set out in Judge Kerrigan's opinion, and the sole question presented for decision was as to the date as to when the policy went into effect. Possibly the plaintiff in that case took the view that the defense of suicide in avoidance of the policy must have been interposed within the year limited after which incontestability began. In the absence of knowledge of the form of the suicide clause and of its effect upon the policy, whether to cancel or merely to lessen the amount payable under it, the case cannot be deemed authority on the question now before the court.

In Standard Life Insurance Co. v. Robbs, supra, the suicide clause is not quoted. The defendant company denied liability rather than as in the case at bar acknowledging the validity of the contract and its liability thereon, denying only the amount.

In Mutual Life Insurance Co. v. Lovejoy the risk of suicide was not covered. The policy was incontestable except for nonpayment of premiums after two years. In that case the insurer denied any liability upon the policy, and in that particular at least may be distinguished from the case at bar. The same may be said of Yates v. New England Mut. Life Insurance Co., 117 Neb. 265, 220 N. W. 285, decided by the Supreme Court of Nebraska.

In Stean v. Occidental Life Insurance Co., supra, cited by defendant, the suicide clause was in all material respects identical with that of the case at bar. In that case the sui-cide clause, instead of having the effect of avoiding the policy and all liability on the part of the insurer, merely limited the amount payable to the insurer to the premiums theretofore paid. The policy was incontestable after one year from the date of issue except for causes unimportant here. The court says:

"Appellant contends that appellee has contested the policy, and her argument and the authorities cited are directed to this theory of the case. Of course, if it is true that the construction which appellee claims should be placed upon the policy amounts to a contest, clearly appellant would be right in her contention. It is beyond question that in the interpretation of a policy of insurance it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which in making the insurance it was his object to secure, and when the words used by the insured are, without violence susceptible of two interpretations, that which will sustain his claim and cover the loss must in preference be adopted. May on Insurance, § 175; Elliott on Contracts, vol. 2, § 1528, and cases cited.

"We are unable to see how the assertion by the insurance company that its liability is limited to the return to the beneficiary of the premiums paid by the insured under the suicide clause amounts to a contest of the policy. The insurance company admits that the policy is in full force and effect and that it is liable thereunder, but insists that its liability is limited to the return of the premiums paid because of the fact that the insured committed suicide within two years. The provision that its liability in such case shall be limited to a return of the premiums is clear, and there can be no question as to its meaning. The incontestable clause in the policy is in substance that the validity of the policy will not be questioned after the expiration of one year, but the suicide clause is not one which enters into the original validity of the contract, but one which limits the right of recovery after the full existence of the contract is established. * * *

"We are of the opinion that, while the policy in this case became incontestable after one year except upon the grounds stated, that it was in force according to its terms and those terms being plain and explicit to the effect that the beneficiary in case of suicide of the insured should be entitled only to recover the premiums paid, the amount for which judgment was rendered in the court below and which was tendered into court, the

244

judgment of the court must be affirmed, and it is so ordered." Stean v. Occidental Life Ins. Co., 24 N. M. 346, 171 P. 786.

The other authorities cited by defendants, Childress v. Fraternal Union of America, 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236; North American Union v. Trenner, 138 Ill. App. 586, are to the same effect. Mack v. Connecticut General Life Insurance Co. of Hartford, decided by the Circuit Court of Appeals for the Eighth Circuit in 1926, is authority for defendant's position, and goes somewhat further than Stean v. Occidental Life Insurance Co., decided by the Supreme Court of New Mexico. In the Mack Case suicide within two years was not a risk assumed by the company. The insurer's plea of general issue to the declaration of complaint was filed more than two years after the date of the policy. In that respect the facts are similar to the case at bar. The court says:

"The contract provision expressly excluding the assumption of the risk of suicide for two years is entirely distinct from the incontestable clause, is consistent with it, and the one in no way contradicts the other. There is a distinction between facts which would warrant a rescission of the contract and a risk not covered by the contract. The incontestable clause relates to the former. The suicide clause relates to the latter. Hearin v. Standard Life Insurance Co. (D. C.) 8 F.(2d) 202.

"A contest made within two years is not to be confused with a defense of death by suicide committed within two years. In the incontestable clause the two-year period is a period of limitation. The contest by suit or answer must be instituted within two years from the issuance of the policy. Missouri State Life Insurance Co. v. Cranford, 257 S. W. 66, 161 Ark. 602, 31 A. L. R. 93. But in the suicide clause the two-year period is a period of exclusion of risk on account of suicide. That clause does not undertake to limit the time within which the defense of suicide may be made, nor does the statute of Illinois, above quoted, undertake to do so." Mack v. Connecticut General Life Insurance Co. of Hartford (C. C. A.) 12 F.(2d) 416, 418. Certiorari denied by United States Supreme Court, 271 U. S. 687, 46 S. Ct. 638, 70 L. Ed. 1152.

In approaching a solution of the question presented, effect must be given to the intention of the parties as it existed when the policy was written and to every part of the agreement, if possible to do so. Cal. Civ. Code, § 1636 et seq.

It is hardly reasonable to believe the meaning of the contract to be that, although the insured might commit suicide within the two years, the full amount of the policy might nevertheless be collected, unless the defendant set this up in an appropriate action within two years from the date of the policy, and, failing an action brought by the beneficiary which would give the insurer an opportunity to do this, it must within the two years seek affirmative relief so that its liability would be limited to the proper amount. The insured might easily postpone his self-destruction to such a late date in the two-year period that it would be impossible for the insurer with the utmost diligence to know the facts necessary to enable it to make a proper defense or to seek affirmative relief.

Giving effect to every part of the contract, the view I think is more reasonable that the provision of reduction of liability in the case of suicide is a provision of equal weight and importance with any other, and is not in any sense repugnant to that providing for incontestability. Judgment should therefore be for the defendant, and it is so ordered. Defendant will present findings in accordance with the views expressed herein.