THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, *Respondent,* v. H. O. FISHBACK, *as Insurance Commissioner, Appellant.*[1]

*John H. Dunbar, Attorney General,* and *E. W. Anderson, Assistant,* for appellant.

*Ryan, Desmond & Ryan, Howard W. Sanders,* and *George R. Stuntz,* for respondent.

PARKER, J.—The plaintiff insurance company, having been duly authorized to conduct its life insurance business in this state, sought, by this action, commenced in the superior court for Thurston county against our state insurance commissioner, an adjudication of its claimed right to insert in its life insurance policies

[1]Reported in 17 P. (2d) 841.

issued in this state the aviation clause hereinafter quoted. The commissioner refused to approve such clause as a proper provision in life insurance policies issued in this state, resting his disapproval upon the incontestable policy provision required by our insurance code to be embodied in life insurance policies issued in this state.

The superior court rendered its decree awarding to the insurance company relief as prayed for by it upon the facts alleged in its complaint; the commissioner having demurred thereto upon the ground that the alleged facts did not constitute cause for relief as prayed for, and, upon the overruling of his demurrer, having declined to plead further. From this disposition of the cause in the superior court, the commissioner has appealed to this court.

The alleged, and by the demurrer admitted, facts, so far as need be further noticed, are that the insurance company requested the commissioner to approve, and permit it to insert in its life insurance policies issued in this state, the following aviation clause; which request was by the commissioner refused:

"Except as hereinbelow provided, death resulting directly or indirectly, in whole or in part, from being in or on any vehicle or mechanical device for aerial navigation, or from falling therefrom or therewith, or while operating or handling any such vehicle or device, is a risk not assumed under this Policy, but in the event of death so occurring, the Company will pay the reserve under this Policy and the Policy shall thereupon be terminated.

"Exception: This Policy covers the death of the Insured while riding as a fare-paying passenger in a licensed passenger aeroplane or a licensed passenger dirigible owned and provided by an incorporated passenger carrier for passenger service and while operated by a licensed passenger pilot on a regular pas-

senger schedule over a definitely established regular passenger route of such carrier and between definitely established air ports."

We assume, as counsel for both sides have assumed in their argument, that the request was made by the insurance company to the commissioner and refused by him in writing; that is, that the proposed aviation clause was so filed in the office of the commissioner, accompanied by the request, and was disapproved by him, all in the manner provided by the statutory provision presently to be noticed, though the allegations of the complaint are not specific in this particular.

In our insurance code, being chapter 49, Laws of 1911, p. 261, we read:

"Sec. 183. On and after January first, nineteen hundred twelve, no policy of life or endowment insurance shall be issued or delivered in this state until a copy of the form thereof has been filed at least thirty days with the commissioner, unless before the expiration of said thirty days the commissioner shall have approved the same in writing; nor if the commissioner notifies the company in writing, that, in his opinion, the form of said policy does not comply with the requirements of the laws of this state, specifying the reasons for his opinion: Provided, That upon the petition of the company the opinion of the commissioner shall be subject to review by any court of competent jurisdiction." Rem. Rev. Stat., § 7229.

"Sec. 184. No life insurance policy, except policies of industrial insurance or where the premiums are payable monthly or oftener, shall be issued or delivered in this state on and after January first, nineteen hundred and twelve, unless it contains in substance the following provisions: . . .

"(2) A provision that [the] policy, so far as it relates to life or endowment insurance, shall be incontestable after two years from its date of issue except for non-payment of premiums, and except for violation of the conditions of the policy relating to military

or naval service in time of war." Rem. Rev. Stat., § 7230.

The commissioner's reason for his disapproval of the proposed aviation clause is stated in the brief of his counsel, as follows:

"His position, briefly stated, is that the incontestable clause is exclusive in its enumeration of exceptions available as a defense against liability after the expiration of the two-year period and that, in so far as the rider undertakes to limit liability for death by aerial navigation after the policy becomes incontestable, it violates the statute. Since, under the statute, a company is permitted after two years to contest liability only (1) for non-payment of premiums and (2) for violation of conditions respecting war service, says the commissioner, violation of conditions respecting aerial navigation cannot be added as a third ground of contest with the result that the rider is invalid unless it be limited to the contestable period of two years only."

Thus, the commissioner assumes that this proposed aviation clause impairs the force of the required statutory incontestable clause. This, we are of the opinion, is an erroneous view of the proposed aviation clause. It is merely a part of the definition or description of the risk or hazard assumed by the insurance company. The language is, with reference to death occurring under any of the specified conditions, "is a risk not assumed under this policy." It seems plain to us that a risk "not assumed" by such express language is a matter not at all inconsistent with the required statutory incontestable provision, and that the resisting by an insurance company of a claim for a loss which by such express terms of the policy is "not assumed" by the insurance company is not a contesting of the policy within the meaning of the statutory incontestable clause required to be embodied therein.

In *Metropolitan Life Insurance Co. v. Conway,* 252 N. Y. 449, 169 N. E. 642, there was drawn in question

a proposed aviation clause, in substance the same as this proposed aviation clause; Conway, the commissioner, disapproving of such proposed clause, as our commissioner has done in this case. The court of appeals of New York held in that case that the proposed aviation clause was not inconsistent with the incontestable clause required by the New York statute, which was, in substance, the same as our statute above quoted. So holding, Chief Judge Cardozo, speaking for the court, said:

"We agree with the Appellate Division in its holding that rider and statute in this instance are consistent and harmonious. The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. Like questions have arisen in other jurisdictions and in other courts of this State. There has been general concurrence with reference to the answer. (*Sanders v. Jefferson Standard L. Ins. Co.*, 10 Fed. Rep. (2d) 143; *Flannagan v. Provident L. & A. Ins. Co.*, 22 Fed. Rep. (2d) 136; *Wright v. Phila. L. Ins. Co.*, 25 Fed. Rep. (2d) 514; *Scarborough v. Am. Nat. Ins. Co.*, 171 N. C. 353 [88 S. E. 482, L. R. A. 1918A, 896, Ann. Cas. 1917D, 1181]; *Myers v. Liberty L. Ins. Co.*, 124 Kan. 191 [257 P. 933, 55 A. L. R. 542]; *Childress v. Fraternal Union of Am.*, 113 Tenn. 252 [82 S. W. 832, 3 Ann. Cas. 236]; *Brady v. Prudential Ins. Co.*, 168 Penn. St. 645 [32 A. 102]; *Illinois Bankers L. Assn. v. Byassee*, 169 Ark. 230 [275 S. W. 519, 41 A. L. R. 379]; *Woodbery v. N. Y. Life Ins. Co.*, 129 Misc. Rep. 365 [221 N. Y. S. 357]; 223 App. Div. 272 [227 N. Y. S. 699].)"

This view has strong support in the recent decision of the supreme court of appeals of Virginia in *United*

*Security Life Ins. & Trust Co. v. Massey,* 164 S. E. (Va.) 529.

The decree of the superior court, apart from the usual recitals, reads as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"(a) That the defendant, H. O. Fishback, Insurance Commissioner of the state of Washington, be and he hereby is enjoined and restrained from interfering with plaintiff in its insertion in contracts of life insurance hereafter to be issued within the state of Washington the clause as set forth in Exhibit 'A' attached to plaintiff's complaint which reads as follows: [Here is quoted in full the proposed aviation clause.]

"(b) That the defendant, H. O. Fishback, as Insurance Commissioner of the state of Washington, be and he is hereby directed to hereafter accept as legal and proper policies of life insurance in the state of Washington which contain a clause or substance thereof as set forth above."

Our observations above made lead us to the conclusion that subdivision (a) of the decree of the superior court should be affirmed, but the language of subdivision (b) seems to us wholly unnecessary to a proper determination of this particular controversy. Besides, if left in force, we fear it may lead to some troublesome contentions in the future. Manifestly, just because a policy contains this proposed aviation clause, does not necessarily render it a policy which the commissioner would be required to approve. Such a policy might in some other respect be subject to just disapproval by the commissioner. Therefore, subdivision (a) of the decree is affirmed, and subdivision (b) of the decree is reversed and set aside.

We conclude that neither party shall be awarded costs as against the other in this court.

TOLMAN, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.