MESSINA et al. v. NEW YORK LIFE INS. CO.

(Division B. May 6, 1935.)

[161 So. 462. No. 31704.]

380

**E. E. Hindman** and **Hamilton & Todd,** all of Jackson, for appellants.

Watkins & Eager, of Jackson, for appellee.

384

Argued orally by **George B. Hamilton**, for appellants, and by **Mrs. Harry Hulen** and **W. H. Watkins, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On the 16th day of October, 1901, Joseph Messina applied to appellee insurance company for the twenty-year pay policy of insurance involved in this case. In his application, properly admitted in evidence, he gave the date of his birth as June 10, 1859, which would make his age at that time forty-two. On the 31st day of October, 1901, appellee company issued the policy payable to a

named beneficiary, but the policy carried an express stipulation by which the insured could change the beneficiaries at any time upon written notice to the company. Changes in that respect were in fact subsequently made by the insured. The proof shows that the policy was issued on the faith that the age of the insured was correctly stated in his application, and that the initial premium and all subsequent premiums were calculated and paid on that basis, that is to say, on the basis of the age of forty-two.

The policy contained the following provisions: "If the age of the Insured is incorrectly stated, the amount payable under this Policy shall be the Insurance which the annual premium paid would have purchased at the true age of the Insured. . . . This Policy is Incontestable from Date of Issue."

Joseph Messina, the insured, died on January 9, 1934. When proof of death was furnished, some question arose as to the age of the insured at the time of the issuance of the policy, and upon investigation then made it was asserted by the insurance company that the insured was born in 1852 and that his actual age at the time of the issuance of the policy was forty-nine instead of forty-two. The company thereupon tendered to the beneficiaries, not the sum of three thousand dollars, which was the principal amount named in the face of the policy, but two thousand four hundred ninety-three dollars and eighteen cents, which both sides admit is the correct amount when calculated upon the age of forty-nine. The beneficiaries declined to accept the tendered amount, and brought suit for the three thousand dollars specifically named in the policy.

On the trial the defendant insurance company introduced in evidence a birth certificate taken from the municipal records of the town of Cefalu in Sicily, the birthplace of the insured, which showed that Joseph Messina,

the son of Pietro and Melchiora Messina, was born on June 3, 1852. Also the registration books in Hinds county, Mississippi, showing that the insured registered as a voter in 1914, giving his age at that time as sixty-two. Also a certified copy of the naturalization papers of the insured, and particularly his sworn declaration of intention, in which he stated that he was born in Cefalu, Italy, on July 30, 1852. All this evidence shows that the insured, when the policy was issued to him, was forty-nine years old.

To controvert this showing the beneficiaries offered the evidence of four elderly witnesses who testified that they had known the insured for a period of from fifteen to thirty years and had seen him nearly every day during that time, and although they had never heard him state his age, they were of the opinion, judging from his appearance and actions, that he was approximately seventy-five years old at the time of his death in 1934, which would make him forty-two years old at the time he took out the policy in question in 1901. The court excluded this opinion evidence, and gave a peremptory instruction that the plaintiffs recover the two thousand four hundred ninety-three dollars and eighteen cents tendered by the insurer.

It is the principal contention of the appellant beneficiaries that the insurer is precluded from any question as to the face amount of the policy because of the incontestable clause above quoted. In this we think appellants are mistaken. In construing any contract, effect must be given to every provision in it, Harris v. Townsend, 101 Miss. 590, 597, 58 So. 529, unless the parts are in unavoidable conflict. Home Mutual Fire Ins. Co. v. Pittman, 111 Miss. 420, 424, 71 So. 739. There is no conflict between the incontestable clause and the clause providing for an adjustment of the ultimate amount payable, on the basis of the true age of the insured. As said

by Cardozo, C. J., in Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642, the incontestable clause precludes an insurance company from questioning the validity of the contract in its inception or from contending that it has thereafter become invalid by reason of a condition broken. The incontestable provision, such as in this case, has no other or further effect. It cannot be used as a means of rewriting the contract by striking out of it other valid and unambiguous provisions governing the ultimate amount payable under the policy. The provision for adjustment according to the true age gives the beneficiaries everything that has actually been paid for, whether more or less than the principal amount named on the face of the policy, and is, therefore, just to them and to the insurer, as well as to policyholders generally. Such an adjustment is not a contest of the policy, but is a carrying out of its precise terms. Murphy v. Travelers' Ins. Co., 134 Misc. 238, 234 N. Y. S. 278; Sipp v. Philadelphia Life Ins. Co., 293 Pa. 292, 142 A. 221; North American Union v. Trenner, 138 Ill. App. 586; and compare Lavender v. Volunteer State Life Ins. Co. (Miss.), 157 So. 101.

Appellants next contend that the court erroneously admitted the registration books and the naturalization papers because this would be to affect the interest of the beneficiaries by declarations made by the insured subsequent to the issuance of the policy, and appellants rely on Grangers' Life Ins. Co. v. Brown, 57 Miss. 308, 34 Am. Rep. 446. The rule that subsequent statements of the insured cannot be received to adversely affect the interests of beneficiaries does not apply where the insured reserves the right to change the beneficiaries, and thereby remains the master of the policy so far as concerns beneficiaries, as is the case here before us. Atlanta Mutual Ins. Co. v. Price, 210 Ala. 334, 97 So. 826; Equitable Life Assur. Soc. v. Campbell, 85 Ind. App. 450, 150 N. E.

31, 151 N. E. 682; Self v. New York Life Ins. Co. (C. C. A.), 56 F. (2d) 364.

Finally, appellants contend that the court erred in excluding the opinion evidence offered by appellants as to the age of the insured, and insist that this evidence should have been admitted, thereby raising a question of fact which should have been submitted to the jury.

When a rough approximation of the age of a person is sufficient for the purpose of a particular inquiry, so that, for instance, a variation of five to ten years from the true age would not be material, it is the general practice in the interest of time and economy of effort to allow witnesses to answer to the age as a matter of opinion; and even when the very nearly exact age is the subject under investigation, opinion evidence is admissible, under the rule of necessity, when no better and no higher class of evidence is practicably obtainable in the particular case.

But it is a matter of common knowledge derived from observation and experience that there is nothing more uncertain and undependable than the attempt to fix the exact age of a person by his appearance and conduct, particularly when the proferred opinions are based upon the appearances of the person after he has reached middle age, and, too, when the person was of foreign birth, as is the case here. State v. Koettgen, 89 N. J. Law, 678, 99 A. 400. So that when the very nearly exact age of the person is the issue, as in this case, the best proof of the fact must be produced, if practically possible to procure.

The authorities seem to be in general accord that the best proof of age is the testimony of living witnesses who were present at the birth and distinctly remember the event, or who, although not present, yet were so situated as to have positive knowledge and remembrance of the date thereof. The authorities are fairly in agreement,

also, that of equal, or very nearly equal, dependability are the definite statements or declarations of the person whose age is in question, made by him during his lifetime on solemn occasions when it was his bounden duty to speak the truth, and when there was no motive or occasion, actual or supposed, on his part to speak other than the truth. The authorities do not seem to be so well in accord as to the probative value of an official birth certificate, although they do generally hold that such a certificate is of a higher grade of evidence than mere opinions.

Since the higher or better class or grade of evidence as to the exact age of the insured was procured and introduced in this care, so that the necessity for recourse to opinion evidence was eliminated from the investigation, the opinions based upon mere observation were inadmissible. Necessity, in a general sense, lies at the foundation of the opinion rule, and when the necessity for opinions no longer exists, opinions are ordinarily no longer admissible, 1 Elliott Ev., p. 797, 3 Jones Com. Ev. (2 Ed.), p. 2344, 22 C. J., p. 498, section 594, and authorities under note 87, except as to mere loose approximations wherein the rule of convenience and economy of time and effort prevails.

Affirmed.