VANCE *v.* LIFE & CASUALTY INS. CO.

(Division B. Feb. 27, 1939.)

[186 So. 647. No. 33604.]

**Barnett, Jones & Barnett** and **John E. Stone,** all of Jackson, and **J. O. Modisette,** of Jennings, La., for appellant.

**Wells, Wells & Lipscomb,** of Jackson for appellee.

Argued orally by **J. O. Modisette**, for appellant, and by **W. R. Newman, Jr.,** for appellee.

**Anderson, J.,** delivered the opinion of the Court.

Appellant brought this action against appellee in the Circuit Court of Hinds County on a life insurance policy held by her husband, George D'. Vance, in appellee Company, in which she was named as beneficiary, to recover the face value of the policy, $2,500, with interest thereon. Appellant's demurrer to appellee's special plea was overruled and, appellant declining to reply thereto, final judgment was entered dismissing the cause.

The insurance policy was issued to appellant's husband on January 12, 1934. It had a face value of $2,500. Appellant was named as beneficiary therein. On December 2, 1935, while the insurance policy was in force, the insured committed suicide. The policy is made an exhibit to the declaration. With its special plea appellee tendered and paid into Court the premiums said on the policy, with interest thereon, amounting to $86.64. Appellee's defense was based on the suicide provision in the policy,

while appellant's was based on the incontestability clause. Those two provisions of the policy follow in the order therein set out:

"Incontestability. This Policy shall be incontestable after it shall have been in force during the lifetime of the Insured for two years from its date of issue, except for nonpayment of premiums and except for violation of the conditions of the Policy relating to military and navel services in time of War. But where the Statute of the State in which this Policy is written contains a different provision on this subject than the above, the language of such Statute shall be substituted for this clause.

"Suicide. If within two years from the date of issue of this Policy the Insured shall, whether sane or insane, die by his own hand, the liability of the Company shall be limited to the amount of the premiums paid hereon."

Appellant's position is that the incontestability provision of the policy should be read into the suicide provision, and, construing the two together, the appellee was barred from the suicide defense after the expiration of two years from the issuance of the policy, the suit having been brought more than two years thereafter. We are of opinion that the contention is without merit on two grounds: (1) That the incontestability provision has no application because the policy was not in force for two years during the lifetime of the insured. (2) That the suicide provision is independent of the incontestability provision and is a complete defense where the suicide takes place within two years from the issuance of the policy, as was the case here. We will consider those propositions in the order stated.

Although Cotton States Life Ins. Co. v. Cunningham, 141 Miss. 474, 106 So. 766, 767, was different on its facts, it was necessary for the Court to construe the incontestability provision of the policy there involved which was substantially the same as the one involved in the present case. In passing on the question the Court used this language: "and it is not true that the two-year incon-

testable clause applies in this case for the reason that the insured died within less than one year of the date of the policy, and for this clause to have any play in this case the policy must have been in force two years prior to the death of the insured.''

To the same effect are Greenbaum v. Columbian Nat. Life Ins. Co., 2 Cir., 62 F. (2d) 56; Chicago National Life Ins. Co. v. Carbaugh, 337 Ill. 483, 169 N. E. 218; Palmer v. John Hancock Mut. Life Ins. Co., 148 Misc. 324, 265 N. Y. S. 796; Thomas v. Metropolitan Life Ins. Co., 135 Kan. 381, 10 P. (2d) 864, 85 A. L. R. 229; Bankers Life Co. v. Bennett, 220 Iowa, 922, 263 N. W. 44; Jefferson Standard Life Ins. Co. v. Smith, 157 Ark. 499, 248 S. W. 897. The language of the incontestability provision in this policy is so plain and unmistakable in its terms that its meaning is manifest; construction is not necessary.

And that is true of the suicide provision in the policy. It simply means what it says, namely, suicide within two years from the issuance of the policy is a complete defense. The fact that suit is not brought until after the expiration of two years from the date of the policy has nothing to do with the question. Messina et al. v. New York Life Ins. Co., 173 Miss. 378, 161 So. 462, 463, is in point. The policy involved in that case contained the same provisions with reference to incontestability, suicide, and misstatement of age as does the policy in the present case. The Court had under consideration the latter provision in connection with the incontestability provision. The Court used this language: ''There is no conflict between the incontestable clause and the clause providing for an adjustment of the ultimate amount payable, on the basis of the true age of the insured. As said by CARDOZO, C. J., in Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642, the incontestable clause precludes an insurance company from questioning the validity of the contract in its inception or from contending that it has thereafter become invalid by rea-

son of a condition broken. The incontestable provision, such as in this case, has no other or further effect."

To the same effect are the following: New York Life Ins. Co. v. Reedy, 181 Miss. 774, 180 So. 607; Lavender et al. v. Volunteer State Life Ins. Co., 171 Miss. 169, 157 So. 101; United Security Life Ins. & Trust Co. v. Massey et al., 159 Va. 832, 164 S. E. 529, 167 S. E. 248, 85 A. L. R. 306; Stean v. Occidental Life Ins. Co., 24 N. M. 346, 171 P. 786; Childress v. Fraternal Union of America, 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236; Scarborough et al. v. American Nat. Ins. Co., 171 N. C. 353, 88 S. E. 482, L. R. A. 1918A, 896, Ann. Cas. 1917D, 1181; Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642; Pacific Mut. Life Ins. Co. v. Fishback, 171 Wash. 244, 17 P. (2d) 841; Myers v. Liberty Life Ins. Co., 124 Kan. 191, 257 P. 933, 55 A. L. R. 542; Howard et al. v. Missouri State Life Ins. Co. (Tex. Civ. App.), 289 S. W. 114; North American Union v. Trenner, 138 Ill. App. 586; Hall v. Mutual Reserve Fund Life Association, 19 Pa. Super. 31.

Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, referred to by appellant, is not in point. The incontestability provision in the policy there considered was in this language: "This policy shall be incontestable, except for nonpayment of premiums, provided two years shall have elapsed from its date of issue." It will be observed that it did not provide that the two-year period must be during the lifetime of the insured, as does the policy here.

Affirmed.