TISDALE *v.* JEFFERSON STANDARD LIFE INSURANCE COMPANY

No. 42472          December 3, 1962          147 So. 2d 122

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Welch, Gibbes & Graves, William S. Mullins, III,* Laurel, for appellee.

LEE, P. J.

George Washington Tisdale sued Jefferson Standard Life Insurance Company in the County Court of Jones County to recover total disability benefits under a policy, which he held with the Company and which provided for payment of such benefits in case the disability should "occur before the anniversary of the policy on which his age at next birthday is sixty years." Copies of the application and the policy were attached. The application, dated June 17, 1922, stated that he was born on December 19, 1897. The policy, a limited payment endowment form, bore the same date as the application and listed the policyholder's age at twenty-four years. Judgment in the sum of $775, for accrued monthly payments, was demanded.

The answer of the defendant denied that the plaintiff sustained his disability before reaching his sixtieth birthday.

Simply stated, the issue centered about the respective versions as follows: The plaintiff maintained that he was born on December 19, 1897; that he sustained his disability, beginning in May 1958, at which time his age was nearer sixty than sixty-one; that he had paid all premiums which were due; and that he was entitled to recover.

The defendant conceded that, if December 19, 1897, was the date on which the plaintiff was born, his contention might well prevail. But, on the contrary, it maintained that the plaintiff was born on December 19, 1895, and that he was in fact sixty-one years and older at the time of the occurrence of his disability; that December 19, 1897, was a misstatement as to the date of birth, not invalidating the other provisions of the policy, but simply cutting off the right to disability benefits upon the occurrence of the specified age limitation; and that the plaintiff was not, therefore, entitled to recover for such benefits.

Tisdale testified that he was born on December 19, 1897; that when the agent of the Company solicited the insurance from him, the information was also taken from his father's Bible. (Objection was made to any information about the Bible unless it was produced, but the court reserved its ruling.) He thought that he had two children at the time he made this application. On cross-examination, he did not know the age of an older brother or when he died. Neither did he know the age of his parents or when they died or how long ago their deaths occurred. He did not remember the years or birth or the several ages of his son and two daughters. He said that he was unable to remember dates since he had his stroke. He admitted that he registered for the draft in World War I, but, when shown a photographic copy of his alleged registration card, he did not think it looked like his signature although he was engaged in the same occupation and lived in the same community as that of the registrant in that document. He admitted that he had registered to vote and had voted in the various elections; and, although a man with the same name had registered in the same precinct at least twice, with the age coinciding in each instance, he did not admit that he was the same person. Neither did he commit himself on whether he had in 1956 received an exemption from the payment of poll taxes because he was over sixty years of age.

Chester F. Edwards, the insurance agent who solicited the insurance, testified at length. On a reserve ruling by the court, he was permitted to testify about what he had seen in the Bible, which he could remember very little about. However, he said that Tisdale told him that he was born in 1897 and that he was twenty-four years old. He admitted, on cross-examination, that he did not know how old Tisdale was; and that, if Tisdale told him his correct age, the application was correct; on

the other hand, if Tisdale's information was incorrect, then the application was incorrect.

Mrs. G. W. Tisdale, the wife, testified that she and the plaintiff were married on December 26, 1914, when she was fourteen years of age and he was seventeen on the 19th before they were married on December 26th. When the insurance was written, corroborative evidence as to her husband's age was obtained from the Bible. (A ruling was reserved by the court on this evidence.) On cross-examination, although she was sure of her signature on the poll registration books, she would not be sure that it was her husband's signature just above her name. She admitted that her husband had not paid poll tax for the last two years. She stated that their first child was born December 8, 1915, and the second was born on January 1, 1917; and that on June 5, 1917, her husband was married, the couple had two children, he was a farmer, and they were living on his farm, R. F. D. Moselle in Jones County, Mississippi. Her name, before marriage, was Ferrill Anderson.

At this juncture, the plaintiff rested; and the defendant thereupon moved that the court exclude all evidence in connection with the Bible and direct the jury to disregard it. This motion was sustained for the reason that no explanation was made as to what had happened to the Bible, and the jury was so instructed. The defendant's requested peremptory instruction having been refused, it then proceeded to adduce the following evidence, consisting of four items to wit:

(1) A certified copy of the World War I draft registration card of George Washington Tisdale, twenty-two years of age, of Moselle, R. F. D. 1, Mississippi. His date of birth was given as December 19, 1895. He was shown to be a farmer, married, living on his own farm, with a wife and two children. It affirmed that ''I have verified above answers and that they are true''; and (2) the registration poll book for Sweetwater Pre-

cinct in Jones County, showing that G. W. Tisdale registered on July 3, 1939, in that precinct, giving his age as forty-three years; and, on the line below his name, on the same date, appeared the name of Mrs. G. W. (Ferrill) Tisdale as of the age of forty-one years; and (3) the registration poll book for the same precinct with a subsequent registration, showing that, on July 18, 1957, G. W. Tisdale, Sr. registered to vote, giving his age as sixty-one years; and, on the line just below his name, on the same date, appeared the name of Mrs. G. W. (Ferrill) Tisdale, Sr., giving her age at fifty-nine years; and (4) the affidavit of G. W. Tisdale, Sr. of date of October 10, 1956, before Winston T. Shows, Circuit Clerk, by Jane Turnipseed, D. C., that he was sixty-one years of age; that he was entitled to vote at Sweetwater Precinct; and that he was exempt from the payment of poll tax because of "over age." Upon that affidavit, the circuit clerk, on the same date, issued to him a certificate of exemption from the payment of poll tax.

At the close of the evidence, the defendant's requested peremptory instruction was refused, the county judge stating that the testimony of the wife alone, wherein she said that she knew her age and her husband's age at the time of their marriage, was sufficient, in his opinion, to take the case to the jury. The cause was submitted to the jury and it found a verdict for the plaintiff in the amount sued for. From the judgment entered, the Insurance Company appealed to the circuit court.

The learned circuit judge, after a review of the record, in a detailed statement of the facts and in a well-reasoned opinion, concluded that the trial judge was in error in refusing the defendant's requested peremptory instruction. Whereupon, he reversed the judgment of the county court and entered a judgment in favor of the In-

surance Company. From that judgment, Tisdale has appealed.

The appellant has assigned and argued, in effect, that the circuit court was in error in reversing and rendering the judgment for two reasons, namely, (1) there was substantial evidence to sustain the verdict of the jury; and (2) the date of appellant's birth, in the application, was determined by the appellee's agent, and the Company is bound on that account, if an error was in fact made.

As to the first proposition it is obvious that the appellant did not and could not have any personal knowledge as to the date of his birth. His information must have necessarily been based on hearsay. His wife was not born in the same community, and, as a matter of fact, was two years younger. Clearly her evidence was based on hearsay. Edwards, the insurance agent, filled out the application in accordance with what Tisdale told him, and said that, if Tisdale's information was correct, the application was correct; but if his information was incorrect, then the application was incorrect insofar as the date of birth was concerned. The only other evidence which the appellant attempted to offer on this feature of the case was with regard to certain information, obtained from a Bible, owned by his family. ██ █ The trial court should have required the production of the Bible and established its authenticity before admitting evidence of its contents. This was not done. If the Bible had been lost or destroyed, that fact was not shown. Instead of following this rule, the judge reserved his ruling and let this inadmissible and damaging evidence into the record, there to be heard by the jury. When the appellant rested his case and the appellee renewed its objection and motion to exclude, after the Bible had not been produced and no reason whatever for this failure had been shown, the court sustained the motion and did charge the jury

to disregard all of the evidence with reference to the Bible in making up their verdict. But, at this time, of course the damage had already been done.

■■■ If the appellant had been born on December 19, 1897, he would not in fact have been required or even been permitted to register under the Congressional Selective Service Act of May 18, 1917. With that date of birth, he would have been under twenty-one years of age; and those only between twenty-one and thirty years of age were required to register at that time. It is incredible that a young man, with a wife and two small children, would have falsified his date of birth and needlessly exposed himself to induction into military service under those circumstances. The solemnity of such an occasion ought naturally to have inspired truthfulness, assured search for accuracy, and resulted in substantial search. In addition, there are two declarations as to age, made in different years, when he was keeping alive his franchise or right to vote, and when admittedly his wife's signature for such purpose was written just below the same name as his. Finally, there was his affidavit to obtain an exemption from the payment of poll tax because of being over sixty years of age. These declarations are overwhelming proof that he was born on December 19, 1895, as shown in his draft registration.

■■■ This Court in Messina v. New York Life Insurance Co., 173 Miss. 378, 161 So. 462, pointed out that, when the very nearly exact age of a person is the issue, the best proof of the fact must be produced, if practically possible to do so, and that such proof is the testimony of those who were present and distinctly remember the birth, or, if not present, so situated as to have positive knowledge and rememberance of the date. The opinion then observed: ''The authorities are fairly in agreement, also, that of equal, or very nearly equal, dependability are the definite statements

or declarations of the person whose age is in question, made by him during his lifetime on solemn occasions when it was his bounden duty to speak the truth, and when there was no motive or occasion, actual or supposed, on his part to speak other than the truth.''

■ ■ One of the general provisions of the policy is as follows: ''The Company will admit- age upon satisfactory proof; otherwise, if age is not truthfully stated in the application, the benefits hereunder will be what the premiums actually paid would have purchased at the true age.'' This is not in conflict with Sec. 5685, Code 1942, Rec., in regard to misstatement as to age, namely, that the beneficiary is entitled to the benefits which the premiums paid would have purchased at the insured's actual age. Cf. Metropolitan Life Insurance Company v. Hall, 152 Miss. 413, 118 So. 826. Neither does the adjustment of the amount payable on the basis of true age of the insured conflict with the incontestable clause. Messina v. New York Life Ins. Co., supra; New York Life Insurance Company v. Reedy, 181 Miss. 774, 180 So. 607; Vance v. Life & Casualty Insurance Company, 184 Miss. 604, 186 So. 647.

■ ■ The second proposition, advanced by the appellant, is wholly untenable. In World Insurance Company v. Bethea, 230 Miss. 765, 93 So. 2d 624, cited by the appellant, the agent did not write down correctly the answers which the applicant gave to the questions which had been propounded. It was therefore held that the company was bound by the applicant's answers just as if they had been correctly written down by the agent; and that the insured was not charged by reason of such false answers. But, in the present case, the agent wrote the age of birth just as Tisdale told him. There is no dispute whatever in this matter. The appellant continued to testify from the stand that he remembered that he knew his date of birth and that it was December

19, 1897. That is exactly what the insurance agent placed on the application.

From which it follows that the judgment of the circuit court must be, and it is, affirmed.

Affirmed.

*Kyle, Gillespie, McElroy and Jones, JJ.,* concur.